1  David E. Bower (SBN 119546)
**MONTEVERDE & ASSOCIATES PC**
2  600 Corporate Pointe, Suite 1170
3  Culver City, CA 90230
   Tel: (213) 446-6652
4  Fax: (212) 202-7880
5
   *Counsel for Plaintiff Kurt Ziegler*
6

7  # UNITED STATES DISTRICT COURT

8  # FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| KURT ZIEGLER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GW PHARMACEUTICALS, PLC, JUSTIN GOVER, GEOFFREY GUY, CABOT BROWN, DAVID GRYSKA, CATHERINE MACKEY, JAMES NOBLE, ALICIA SECOR, and LORD WILLIAM WALDEGRAVE, <br><br> Defendants. | Case No: 3:21-cv-01019 <br><br> **NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KURT ZIEGLER'S AND DANIEL BRADY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL** <br><br> Judge:   Hon. Cynthia A. Bashant <br> Date:    September 7, 2021 <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT.** |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on a date and time as may be set by the Court, at the United States District Court for the Southern District of California, Kurt Ziegler ("Ziegler") and Daniel Brady ("Brady" and together with Ziegler, "Movants"), will respectfully move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for: (1) appointment as Lead Plaintiffs in this action; and (2) approval of Monteverde & Associates PC ("Monteverde") and Kahn Swick & Foti LLC ("KSF") as Lead Counsel for the Class.

This Motion is based on the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of David E. Bower filed herewith, the pleadings and other filings herein, and such other written and oral argument as may be permitted by the Court. For the foregoing reasons, Movants respectfully request that the Court: (1) appoint Movants as Lead Plaintiffs pursuant to the PSLRA; (2) approve Movants' selection of Monteverde and KSF as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: August 3, 2021                    Respectfully submitted,

**OF COUNSEL**                           */s/ David E. Bower*

**KAHN SWICK & FOTI, LLC**               David E. Bower SBN 119546
Michael Palestina                        **MONTEVERDE & ASSOCIATES PC**
1100 Poydras Street, Suite 3200          600 Corporate Pointe, Suite 1170
New Orleans, LA 70163                    Culver City, CA 90230
Tel: (504) 455-1400                      Tel: (310) 446-6652
Fax: (504) 455-1498                      Fax: (212) 202-7880
michael.palestina@ksfcounsel.com         Email: dbower@monteverdelaw.com

*Counsel for Movant Daniel Brady*

---

NOTICE OF MOTION OF KURT ZIEGLER'S AND DANIEL BRADY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
Tel: (212) 971-1341
Email: jmonteverde@monteverdelaw.com

*Counsel for Plaintiff Kurt Ziegler*

---

NOTICE OF MOTION OF KURT ZIEGLER'S AND DANIEL BRADY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

LEGAL STANDAD ....................................................................................................3

ARGUMENT ................................................................................................................5

I.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS .......................5

A.    The Published Notice Satisfies the PSLRA's Requirements ............................5

B.    Movants' Motion is Timely and Procedurally Complete ...................................6

C.    Movants Have the Largest Known Financial Interest.........................................6

D.    Movants Meet Rule 23's Typicality and Adequacy Requirements ...................7

II.    THE COURT SHOULD APPROVE MOVANTS' SELECTION OF MONTEVERDE AND KSF AS LEAD COUNSEL ..........................................9

CONCLUSION ...........................................................................................................13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KURT ZIEGLER'S AND DANIEL BRADY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Campbell v. Transgenomic, Inc.*,
   No. 4:17CV3021,
   2017 U.S. Dist. LEXIS 216162 (D. Neb. Aug. 9, 2017) ........................................ 7

*In re Century Aluminum Co. Sec. Litig.*,
   No. C 09-1205 SI,
   2009 U.S. Dist. LEXIS 81205 (N.D. Cal. Sept. 8, 2009) ....................................... 8

*City of Ann Arbor Emps. Ret. Sys. v. Accuray Inc.*,
   No. C 09-03362 CW,
   2009 U.S. Dist. LEXIS 105466 (N.D. Cal. Oct. 26, 2009) .................................... 4

*Copia Claims, L.L.C. v. Cal. Infrastructure & Econ. Dev. Bank*,
   No. 2:09-CV-01610-GEB-DAD,
   2009 U.S. Dist. LEXIS 109672 (E.D. Cal. Sept. 15, 2009) ................................... 5

*Greebel v. FTP Software*,
   939 F. Supp. 57 (D. Mass. 1996) .......................................................................... 7

*In re Heritage Bond Litig.*,
   Nos. 02-ML-1475 DT, CV 01-5752 DT (RCx), CV 02-382 DT (RCx),
   2004 U.S. Dist. LEXIS 15386 (C.D. Cal. July 12, 2004) ................................. 7-8

*Herrera v. LCS Fin. Servs. Corp.*,
   274 F.R.D. 666 (N.D. Cal. 2011) .......................................................................... 7

*Herrgott v. U.S. Dist. Court for the N. Dist. of Cal.* (*In re Cavanaugh*),
   306 F.3d 726 (9th Cir. 2002) ................................................................... 2, 4, 7, 9

*Hodges v. Akeena Solar, Inc.*,
   263 F.R.D. 528 (N.D. Cal. 2009) .......................................................................... 7

*Miller v. Ventro Corp.*,
   Nos. C 01-01287, C-01-1322-SBA, C-01-1347-SBA, C-01-1460-SBA, C-01-1713-SBA,
   2001 U.S. Dist. LEXIS 26027 (N.D. Cal. Nov. 28, 2001) .................................... 8

*Niederklein v. PCS Edventures!.com, Inc.*,
   No. 1:10-cv-00479-EJL-CWD,

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KURT ZIEGLER'S AND DANIEL BRADY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

2011 U.S. Dist. LEXIS 18247 (D. Idaho Feb. 24, 2011) ......................................... 9

*In re Nortel Networks Corp. Sec. Litig.*,
    No. 01 Civ. 1855 (RMB),
    2002 U.S. Dist. LEXIS 1633 (S.D.N.Y. Feb. 1, 2002) ........................................... 9

*Perlmutter v. Intuitive Surgical, Inc.*,
    No.10-CV-03451-LHK,
    2011 U.S. Dist. LEXIS 16813 (N.D. Cal. Feb. 15, 2011) ..................................... 6

*In re Dynegy, Inc. Secs. Litig.*,
    226 F.R.D. 263 (S.D. Tex. 2004) ............................................................................ 8

*Siegall v. Tibco Software, Inc.*,
    Nos. C 05-2146 SBA, C 05-2205 SBA, and C 05-2373 SBA,
    2006 U.S. Dist. LEXIS 26780 (N.D. Cal. Feb. 24, 2006) ................................. 6-7

*U.S. Supreme Court Emulex Corp. v. Varjabedian*,
    139 S. Ct. 1407 (2019) ......................................................................................... 10

*Varjabedian v. Emulex Corp.*,
    888 F.3d 399 (9th Cir. 2018) ............................................................................... 10

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*,
    No. 5:11-CV-06593-LHK,
    2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) ..................................... 7

*Zucker v. Zoran Corp.*,
    No. C 06-04843 WHA,
    2006 U.S. Dist. LEXIS 93469 (N.D. Cal. Dec. 11, 2006) ..................................... 6

**Statutes, Rules, and Other Authority**

15 U.S.C. § 78u-4 ........................................................................................... *passim*

Fed. R. Civ. P. 23 ............................................................................................*passim*

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KURT ZIEGLER'S AND DANIEL BRADY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

Movants respectfully submit this memorandum of points and authorities in support of their motion for appointment as Lead Plaintiffs and approval of their selection of Lead Counsel pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3).

## PRELIMINARY STATEMENT

In February 2021, GW Pharmaceuticals, PLC ("GW" or the "Company") and Jazz Pharmaceuticals, PLC came to terms on a merger agreement whereby Jazz would acquire all outstanding GW stock (the "Merger") for the grossly inadequate price of approximately $200 in cash and $20 in Jazz stock for each GW American Depositary Share (the "Merger Consideration"). To solicit GW shareholders to surrender their shares for less than fair value, the Defendants filed a Proxy Statement that severely misled shareholders regarding the valuation picture of the Company and touted the unreasonable December Projections that frame the Merger Consideration as "fair."[1]

The changes made to and the numbers reflected in the December Projections are contradicted by and inconsistent with statements made by the Company and management leading up to the Merger, and reflect just a fraction of the actual value of the Company. The December Projections were created solely for use by GW's financial advisors, Goldman Sachs & Co. LLC ("Goldman Sachs") and Centerview Partners LLC ("Centerview" and together with Goldman Sachs, the "Financial Advisors"), to perform the valuation analyses underlying their fairness opinions. Without the December Projections, which Defendants authorized Goldman Sachs and Centerview to use despite knowing that the December Projections did not accurately reflect the Company's long-term financial prospects and value, Goldman Sachs and Centerview would have been unable to issue fairness opinions, Defendants would have been unable to claim that the Merger Consideration provided shareholders with fair value for their

---

[1] All capitalized terms not defined have the same meaning as set forth in Ziegler's initial Complaint *Ziegler v. GW Pharmaceuticals, PLC et al*, No. 3:21-cv-01019 (S.D. Cal. May 27, 2021) (ECF 1).

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KURT ZIEGLER'S AND DANIEL BRADY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

holdings, and Goldman Sachs and Centerview would have forfeited at least $69 million of the $72 million in fees they received.

The Merger closed on May 5, 2021, and GW ADSs were surrendered via the Merger in exchange for $200 in cash and 0.120360 Jazz Ordinary Shares for each ADS.

In response to the misleading Proxy, three individual actions seeking additional disclosures related to the Merger were filed in this District asserting claims under the Exchange Act: *Kent v. GW Pharmaceuticals, PLC et al*, No. 3:21-cv-00530 (S.D. Cal. Mar 26, 2021); *Coffman v. GW Pharmaceuticals PLC et al*, No. 3:21-cv-00537 (S.D. Cal. Mar 26, 2021); and *Ochoa v. GW Pharmaceuticals plc et al*, No. 3:21-cv-00580 (S.D. Cal. Apr 02, 2021). However, all three actions were voluntarily dismissed on April 19, 2021. On May 27, 2021, after thorough investigation, Ziegler filed the above-captioned class action seeking damages for himself and all other GW shareholders harmed by the Merger.

The PSLRA governs the appointment of the lead plaintiff(s) for class action securities cases brought under the Exchange Act. It provides that, within twenty (20) days of filing their action, the plaintiff in the first-filed class action is required to publish notice in a widely circulated business-oriented publication or wire service informing putative class members of their right to move, within sixty (60) days of the publication, for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. Cal. 2002).

Here, on June 4, 2021, Ziegler caused a PSLRA notice to be published via *PRNewswire*, a widely circulated national business-oriented wire service. The notice alerted GW shareholders of the pendency of the *Ziegler* Action and the nature of the claims alleged ("The Notice"). *See* Exhibit ("Ex. A") to the accompanying Declaration of David E. Bower ("Bower Decl."). The Notice further informed investors that holders of GW shares as of the record date of the Merger (March 20, 2021) were members of

the putative Class and that the deadline to move for lead plaintiff was 60 days from the date of the notice, *i.e.*, August 3, 2021. *Id.*

Movants collectively owned 350 shares of GW ADS[2] from prior to the announcement of the Merger through the consummation of the Merger. Movants are unaware of any other GW shareholder who has sought to serve as lead plaintiff or expressed an intention to do so. Therefore, Movants believe they are the presumptive Lead Plaintiffs.

Movants also satisfy Rule 23's typicality and adequacy requirements. Movants' claims are typical of class claims because, just like all class members, they owned shares of GW as of the close of the Merger and suffered harm as a result of Defendants' conduct. Movants also have no conflict with the Class and will adequately protect the Class interests, as evidenced by their conduct to date in prosecuting the litigation, including Plaintiff Ziegler's filing of this class action, dissemination of the required notice, submission of the requisite certifications, selection of experienced class counsel, and declarations in support of motion for appointment as Lead Plaintiffs. *See* Bower Decl. Exs. B-E.

Moreover, Movants' counsel, Monteverde and KSF, are highly experienced in litigation of this nature and have achieved significant victories for shareholders in courts across the country both independently and working together.

## **LEGAL STANDARD**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1).

---

[2] Ziegler owned 100 shares of GW ADS. *See* Bower Decl., Ex. B. Brady owned 250 shares of GW ADS. *See* Bower Decl., Ex. C. Each share of GW ADS consists of 12 shares of GW ordinary stock. Accordingly, Movants' holding of 350 GW ADS equates to 4200 shares of GW ordinary stock.

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KURT ZIEGLER'S AND DANIEL BRADY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

Pursuant to the PSLRA, the process of appointment of lead plaintiff begins with the notification requirement. 15 U.S.C. §§ 78u-4(a)(1), 78u-4(a)(3)(B)(i). The notice requirement consists of two parts: (1) the plaintiff who files the initial action must publish notice advising members of the putative plaintiff class of the pending action in a widely circulated national business-oriented publication or wire service within twenty (20) days of filing the complaint; and (2) members of the putative class have sixty (60) days from the date of publication to move the Court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)-(B).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members." *Id*. Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730 (describing the PSLRA's two-step competitive process for determining the "most adequate plaintiff"); *City of Ann Arbor Empls.' Ret. Sys. v. Accuray Inc.*, No. C 09-03362 CW, 2009 U.S. Dist. LEXIS 105466, at *5-6 (N.D. Cal. Oct. 26, 2009) (same).

Once it is determined who amongst the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can only be rebutted upon *proof* by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-

4

4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 741; *Accuray Inc.*, 2009 U.S. Dist. LEXIS 105466, at *5-6 (same). As detailed herein, Movants satisfy each of the statute's requirements, and should therefore be appointed Lead Plaintiffs.

## ARGUMENT

### I. MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

#### A. The Published Notice Satisfies the PSLRA's Requirements

Pursuant to the PSLRA, the process of appointment of lead plaintiff begins with the notice requirement. 15 U.S.C. §§ 78u-4(a)(3). The notice requirement consists of two parts: (1) the plaintiff must publish notice advising members of the putative plaintiff class of the pending action in a widely circulated national business-oriented publication or wire service; and (2) members of the putative class have sixty (60) days from the date of publication to move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3) (A-B).

Here, Monteverde published the required PSLRA notice via *PRNewswire* on June 4, 2021, after filing Ziegler's class action complaint on May 27, 2021. *See* Bower Decl., Ex. A. The Notice notified putative Class members of the pendency of the *Ziegler* Action, the nature of the claims alleged, and the putative Class definition. *Id*. The Notice also advised any Class member wishing to move for lead plaintiff that they must move the Court no later than 60 days from the date of the notice, *i.e.* August 3, 2021. *Id*. Thus, the Notice satisfied the PSLRA's requirements. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); *Copia Claims, LLC v. Cal. Infrastructure & Econ. Dev. Bank*, No. 2:09-CV-01610-GEB-DAD, 2009 U.S. Dist. LEXIS 109672, at *4 (E.D. Cal. Sept. 15, 2009) (Plaintiff "complied with the PSLRA's notification requirements by publishing the requisite notice in PRNewswire . . . .").

### B. Movants' Motion is Timely and Procedurally Complete

Movants have timely filed their Motion prior to the expiration of the lead plaintiff filing deadline. Moreover, as reflected in their certifications, Movants owned 350 shares of GW ADS prior to the consummation of the Merger, and have confirmed their willingness and ability to serve as lead plaintiff. Bower Decl., Exs. B and C.[3] Accordingly, Movants have satisfied the certification requirements set forth in 15 U.S.C. § 78u-4(a)(2)(A), and believe they are the presumptive lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### C. Movants Have the Largest Known Financial Interest

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the candidate with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, in the merger and acquisition context, the plaintiff with the largest number of shares held is considered to have the largest financial interest. *See Zucker v. Zoran Corp.*, No. C 06-04843 WHA, 2006 U.S. Dist. LEXIS 93469, at *8 (N.D. Cal. Dec. 11, 2006) ("the candidate with the largest potential recovery would be the candidate who had bought the largest number of [] shares."); *see also Perlmutter v. Intuitive Surgical, Inc.*, Case No.: 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *20-21 (N.D. Cal. Feb. 15, 2011) (noting that "Courts that equate largest financial interest with potential recovery generally place the greatest weight on the number of net shares purchased during the class period.").

---

[3] Plaintiff Ziegler's PSLRA Certification was also filed with his Complaint. *See* ECF No. 1-2.

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KURT ZIEGLER'S AND DANIEL BRADY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

Here, Movants owned 350 shares of GW ADS before the announcement of the Merger and held them through the consummation of the Merger. Movants' counsel is presently unaware of any other putative class member seeking to serve as lead plaintiff. Accordingly, Movants believe they are the presumptive lead plaintiff. *See Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 26780, at *11 n.1 (N.D. Cal. Feb. 24, 2006) (finding that, when only one person or group has moved to serve as lead plaintiff, that person or group presumptively has the largest financial interest in the relief sought); *Campbell v. Transgenomic, Inc.*, No. 4:17CV3021, 2017 U.S. Dist. LEXIS 216162, at *4 (D. Neb. Aug. 9, 2017) ("Campbell owns 800 shares of Transgenomic stock and no other person or group has sought to serve as lead plaintiff. Therefore, the Court finds Campbell has the largest financial interest in the relief sought.") (citing *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 64 (D. Mass. 1996) ("Movants have filed a motion to be appointed lead plaintiff. As no other persons have sought to be appointed lead plaintiff, they have the largest financial interest in the relief sought by the class.")).

### D. Movants Meet Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Courts have consistently held that at this stage the Rule 23 considerations are limited to the questions of typicality and adequacy. *See, e.g., Cavanaugh*, 306 F.3d at 730; *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) ("At this stage, the focus is primarily on the typicality and adequacy of representation requirements and only a preliminary showing is necessary."). As detailed herein, Movants satisfy the typicality and adequacy requirements of Rule 23(a).

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KURT ZIEGLER'S AND DANIEL BRADY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

When assessing a plaintiff's typicality, courts in the Ninth Circuit consider whether the other class members "have the same or similar injury, whether the action is based on conduct which is not unique to the [plaintiff], and whether other class members have been injured by the same course of conduct." *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *17 (N.D. Cal. Feb. 21, 2012) (quoting *Hodges*, 263 F.R.D. at 532). A plaintiff's "claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 678 (N.D. Cal. 2011); *In re Heritage Bond Litig.*, MDL Case No. 02-ML-1475 DT, 2004 U.S. Dist. LEXIS 15386, at *25 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the plaintiff, the plaintiff has no fundamental conflicts of interest with the class as a whole, and the action is not collusive. *See Miller v. Ventro Corp.*, No. C 01-01287 SBA, 2001 U.S. Dist. LEXIS 26027, at *44 (N.D. Cal Nov. 28, 2001) ("The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive."); *see also In re Dynegy, Inc. Secs. Litig.*, 226 F.R.D. 263, 269 (S.D. Tex. 2004) ("The adequacy requirement [also] mandates an inquiry into [] the zeal and competence of the representative's counsel…").

Here, Movants easily satisfy the typicality and adequacy requirements of Rule 23. Movants, like all putative class members, suffered the identical harm of being cashed-out of their ownership in GW stock for the unfair Merger Consideration as a result of the same materially misleading Proxy that Defendants utilized to convince GW shareholders to vote in favor of the unfair Merger. Additionally, Movants are not subject to any unique defenses, have a significant stake in the litigation, and no evidence exists of any conflict between their interests and those of the other Class members. Movants have also expressed an ability and willingness to prosecute this action by filing the requisite certifications, filing the Complaint and Notice, and submitting declarations in support of their motion for appointment as Lead Plaintiffs. *See* Bower Decl. Exs. B-E. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205, at *14 (N.D. Cal. Sept. 8, 2009) (finding Plaintiff's certification evidenced adequacy to serve as lead plaintiff); *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247, at *34 (D. Idaho Feb. 24, 2011) (same). Movants have also selected and retained highly competent counsel to litigate the claims on behalf of themselves and the Class. As explained in greater detail below, Monteverde and KSF are highly regarded for their experience, knowledge, and ability to conduct complex stockholder class action litigation. *See* Bower Decl., Exs. F and G. Thus, Movants have made a *prima facie* showing that they satisfy Rule 23's typicality and adequacy requirements, and should be appointed Lead Plaintiffs.

## II.  THE COURT SHOULD APPROVE MOVANTS' SELECTION OF MONTEVERDE AND KSF AS LEAD COUNSEL

The PSLRA vests the lead plaintiff with the authority to select and retain lead counsel, subject to court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). "While the appointment of counsel is made subject to the approval of the court, the Reform Act

9

clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734. Thus, courts should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *In re Nortel Networks Corp.*, No. 01-CV-1855(RMB), 2002 U.S. Dist. LEXIS 1633, at *1 (S.D.N.Y. Feb. 4, 2002).

Movants have selected Monteverde and KSF to be Lead Counsel for the Class. As reflected below, and in the firms' resumes, Monteverde and KSF possess extensive experience litigating complex class actions on behalf of plaintiffs, including securities and merger and acquisition class actions both independently and working together. *See* Bower Decl., Exs. F and G.

Monteverde was listed in the Top 50 in the 2018 and 2019 ISS Securities Class Action Services Report. And the attorneys at Monteverde have been involved in a number of cases recovering substantial amounts of money for investors through their litigation efforts, including in the selected list of cases below:

| TARGET COMPANY ACQUIRED | INCREASED CONSIDERATION OR SETTLEMENT FUND |
|---|---|
| American Capital (2018) (with KSF) | $17.5 million |
| Apollo Education (2017) | $54 million |
| ClubCorp (2019) | $5 million |
| Comverge (2017) | $5.9 million |
| EnergySolutions (2014) | $36 million |
| Envision Healthcare (2021) | $17.4 million |
| Force Protection (2012) | $11 million |
| Hansen Medical (2019) | $7.5 million |
| Jaguar Animal (2021) | $2.6 million |
| Jefferies Group (2015) | $70 million |
| Mavenir Systems (2016) | $3 million |
| MRV Communications (2021) | $1.9 million |
| Orchard Enterprises (2014) | $10.725 million |
| Syntroleum (2016) | $2.8 million |
| Transgenomic (2020) | $1.95 million |
| West Marine (2020) | $2.5 million |

| US Geothermal (2020) (with KSF) | $6.5 million |

Monteverde also changed the law in a significant victory in *Varjabedian v. Emulex Corp.*, 888 F.3d 399 (9th Cir. 2018), creating a 5 to 1 circuit split that lowered the standard of liability under Section 14(e) of the Exchange Act in this Circuit. Monteverde then successfully preserved this victory by obtaining dismissal of a writ of certiorari as improvidently granted at the United States Supreme Court. *Emulex Corp. v. Varjabedian*, 139 S. Ct. 1407 (2019).

Notably, Mr. Monteverde, who leads the legal team at Monteverde, has been recognized by Super Lawyers as a Rising Star in Securities Litigation in 2013 and 2017-2019, an award given to less than 2.5% of attorneys in a particular field. Mr. Monteverde has also been selected by Martindale-Hubbell as a 2017-2019 Top Rated Lawyer. Moreover, the attorneys at Monteverde regularly speak and/or write articles to educate the legal community regarding Securities and M&A class action litigation.

Similarly, KSF is more than qualified to work as Co-Lead Counsel to prosecute the claims of GW shareholders. With lawyers in Louisiana, New York, and California dedicated to the practice of class action and individual investor securities and corporate governance litigation, KSF is one of the nation's premier boutique securities litigation law firms. KSF has represented stockholders as lead or co-lead counsel in numerous class and derivative litigations, many of which have resulted in substantial recoveries on behalf of stockholders, amounting to hundreds of millions of dollars. *See* Bower Decl., Ex. G.

Notably, KSF has served as lead, co-lead, or executive committee counsel in numerous other successfully resolved merger and acquisition cases.[4] Most recently, in

---

[4] *See, e.g., In re Adams Golf Shareholder Litig.,* No. 7354-VCL (Del. Ch. 2012); *In re Medtox Scientific, Inc. Shareholders Litig.,* Court File No. 62-CY-125118 (Minn. 2012); *In re EnergySolutions, Inc. Shareholder Litig.,* Consol. C.A. 8203-YCG (Del. Ch. 2013) (co-lead counsel, class action involving claims for breach of fiduciary duties to shareholders relating to a proposed merger of nuclear energy related companies

11

March 2020, KSF (along with Monteverde) secured a $6.5 million common fund for U.S. Geothermal shareholders. Also, in February 2018, along with Monteverde, KSF obtained a $17.5 million settlement from the board members and officers of American Capital and Elliott Management Corporation (an activist minority shareholder in American Capital) ("Elliott") in connection with the June 2016 sale of American Capital to Ares Capital Corporation, in so doing defeating a motion to dismiss against Elliott and obtaining an unprecedented ruling that Elliott may be considered a controller and subject to entire fairness review at trial. *In re Am. Capital Shareholder Litig.*, Case No. 422598-V (Montgomery Cir. Ct., MD).

KSF also served as special counsel to the lead plaintiff in *The Erica P. John Fund, Inc. v. Halliburton Company, et al.*, No. 3:02-cv-1152-M (N.D. Tex.), which settled for $100 million. Prior to settlement, the *Halliburton* case itself had twice been to the Unites States Supreme Court. In the first instance, plaintiffs won 9-0. In the second instance, the Halliburton defendants challenged the "fraud on the market theory," the fundamental theory on which all class action securities litigation rests. Despite the Halliburton defendants' protestations, the Supreme Court sided with the plaintiffs and upheld that theory.

By virtue of their extensive experience litigating breach of fiduciary duty and securities class action cases in the context of corporate transactions like the Merger, the attorneys at Monteverde and KSF possess thorough knowledge of the applicable

---

worth $1.1 billion ($375 million in proposed shareholder consideration), where there was a $0.40 price increase, which increased the consideration to shareholders by more than 10%, or approximately $38 million, and over 20 pages of additional disclosures to proxy statement relating to process and pricing claims); and *Hill v. Cohen, et al. (Summit Fin'l Servs. Grp., Inc.)*, 2013 CA 017640 (15th Jud. Cir. Ct., Fla.) (co-lead counsel, class action for breach of fiduciary duties to shareholders relating to a proposed merger of a financial services company, where contingent and delayed aspects of the proposed merger consideration, worth several million dollars, were accelerated and paid to shareholders ahead of schedule and settlement involved several pages of additional disclosures were made to the proxy statement).

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KURT ZIEGLER'S AND DANIEL BRADY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

substantive law at issue. The cases referenced in each firm's resume reflect just some of their important achievements and experience in the area of transactional and shareholder rights litigation and demonstrate that Monteverde and KSF are more than qualified to serve as Lead Counsel in this case.

In sum, Monteverde and KSF are qualified to represent the Class, and Movants request that the Court approve their selection of Monteverde and KSF as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court (i) appoint Movants as Lead Plaintiffs pursuant to the PSLRA; (ii) approve Movants' selection of Monteverde and KSF as Lead Counsel for the Class; and (iii) grant such other and further relief as the Court may deem just and proper.

DATED: August 3, 2021   Respectfully submitted,

**OF COUNSEL**   /s/ David E. Bower

| | |
|---|---|
| **KAHN SWICK & FOTI, LLC** | David E. Bower SBN 119546 |
| Michael Palestina | **MONTEVERDE & ASSOCIATES PC** |
| 1100 Poydras Street, Suite 3200 | 600 Corporate Pointe, Suite 1170 |
| New Orleans, LA 70163 | Culver City, CA 90230 |
| Tel: (504) 455-1400 | Tel: (310) 446-6652 |
| Fax: (504) 455-1498 | Fax: (212) 202-7880 |
| michael.palestina@ksfcounsel.com | Email: dbower@monteverdelaw.com |
| | |
| *Counsel for Movant Daniel Brady* | **MONTEVERDE & ASSOCIATES PC** |
| | Juan E. Monteverde |
| | The Empire State Building |
| | 350 Fifth Avenue, Suite 4405 |
| | New York, New York 10118 |
| | Tel: (212) 971-1341 |
| | Email: jmonteverde@monteverdelaw.com |
| | |
| | *Counsel for Plaintiff Kurt Ziegler* |

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KURT ZIEGLER'S AND DANIEL BRADY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL