UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT ZIEGLER,<br><br>                                          Plaintiff,<br><br>   v.<br><br>GW PHARMACEUTICALS, PLC, *et al.*,<br><br>                                          Defendants. | Case No. 21-cv-01019-BAS-MSB<br><br>**ORDER:**<br><br>**(1) APPOINTING LEAD PLAINTIFF; AND**<br><br>**(2) APPROVING SELECTION OF LEAD COUNSEL**<br><br>**(ECF No. 7)** |

This is a federal securities class action pertaining to allegedly false and misleading statements made by Defendant GW Pharmaceuticals, PLC ("GW"), and its officers, regarding a merger agreement between GW and Jazz Pharmaceuticals, PLC ("Jazz"), which closed on May 5, 2021.  Pending before the Court is a motion for appointment of Lead Plaintiff and Lead Counsel in this litigation. (ECF No. 7.)  For the reasons herein,

the Court appoints Kurt Ziegler and Daniel Brady as Lead Plaintiff and approves their selection of Lead Counsel.

## I. APPOINTMENT OF LEAD PLAINTIFF

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the district court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interest of the class members[.]" 15 U.S.C. § 78u-4(a)(3)(B)(i). "[A] 'group of persons' can collectively serve as a lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 731 n.8 (9th Cir. 2002). The PSLRA creates a rebuttable presumption that the most adequate plaintiff should be the plaintiff who: (1) has filed the complaint or brought the motion for appointment of lead counsel in response to the publication of notice, (2) has the "largest financial interest" in the relief sought by the class, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). The presumption may be rebutted only upon proof that the presumptive lead plaintiff: (1) will not fairly and adequately protect the interests of the class or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

By its terms, the PSLRA "provides a simple three-step process for identifying the lead plaintiff" in a private securities class action litigation. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* At the second step, "the district court must consider the losses allegedly suffered by the various plaintiffs," and select as the "presumptively most adequate plaintiff . . . the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at 729–30 (internal citations omitted). Finally, at the third step, the district court "give[s] other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy

requirements." *Id.* at 730. The Court undertakes each of these steps for the consolidated action.

### A.     Preliminary Procedural Requirements

Pursuant to the PSLRA, a plaintiff who files a securities litigation class action must provide notice to class members via publication in a widely-circulated national business-oriented publication or wire service within 20 days of filing the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(I). The notice must: (1) advise class members of the pendency of the action, the claims asserted therein, and the purported class period; and (2) inform potential class members that, within 60 days of the date on which notice was published, any members of the purported class may move the court to serve as lead plaintiff in the purported class. 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)–(II).

This action was filed in this District on May 27, 2021. (ECF No. 1.) Notice was published in *PRNewswire* on June 4, 2021, by the law firm Monteverde & Associates PC. (Bower Decl. Ex. A, ECF No. 7-1; Bower Decl. ¶ 2, ECF No. 7-8.) The notice was timely published within 20 days after the filing of the complaint, it lists the claims and the class period, and it advises putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *See* 15 U.S.C. § 78u-4(a)(3)(A). Ziegler and Brady filed a motion for appointment as lead plaintiff within the allotted period. Thus, notice in this action is proper and the movants have satisfied the statutory procedural requirements for moving to be appointed as Lead Plaintiff.

### B.     Financial Interest

The PSLRA mandates that the district "court shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a presumption that the most capable plaintiff is the one

who "has filed the complaint or brought the motion for appointment of lead counsel in response to the publication of notice" and "in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Inchen Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1052 (N.D. Cal. 2017). In practice, district courts "equate financial interest with actual economic losses suffered" or "with potential recovery." *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-cv-3451-LHK, 2011 WL 566814, at *3 (N.D. Cal. 2011) (citations omitted); *see also Inchen Huang,* 289 F. Supp. 3d at 1052 ("[A]pproximate losses in the subject securities is the preferred measure.") (quoting *Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012)).

Here, Ziegler is the one who has filed the Complaint, and Ziegler and Brady together move for appointment of lead plaintiff and lead counsel. Ziegler submits that he held 100 American Depositary Shares ("ADS") of GW before the merger, and Brady submits that he held 250 ADS of GW during the relevant period. (Exs. B, C to Bower Decl., ECF Nos. 7-2, 7-3.) No one else has filed a competing motion for appointment of lead plaintiff. Where, as here, the movants "are the sole parties seeking to be appointed as Lead Plaintiffs," they are "entitled to the presumption that [they hold] the largest financial interest." *Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 1050173, at *4 (N.D. Cal. Feb. 24, 2006).

Accordingly, the Court concludes that Ziegler and Brady are members of the purported class who are most capable of adequately representing the interest of class members.

### C. Typicality and Adequacy Requirements

In addition to possessing the largest financial interest, the PSLRA requires a proposed lead plaintiff to satisfy the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Once a court determines which plaintiff has the largest financial interest, generally "the court must appoint that plaintiff as lead, unless it finds that

[plaintiff] does not satisfy the typicality or adequacy requirements" of Rule 23(a). *In re Cavanaugh*, 306 F.3d at 732. The movant "need only make a prima facie showing of its typicality and adequacy." *Hessefort*, 317 F. Supp. 3d at 1056. Ziegler and Brady satisfy both requirements.

First, Ziegler and Brady's claims are typical of the class. The typicality requirement asks whether the presumptive lead plaintiff has suffered the same or similar injuries as absent class members as a result of the same conduct by the defendants and are founded on the same legal theory. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 729 (9th Cir. 2020) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)). The record shows that Ziegler and Brady raise allegations and claims identical to the purported class: that is, they suffered losses because Defendants violated Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934, and Securities and Exchange Commission Rule 14a-9 by issuing a materially false and misleading Definitive Proxy Statement to persuade GW's shareholders to vote in favor of its merger with Jazz. (Compl. ¶¶ 1–9; Ex. B to Bower Decl. ¶ 1, ECF No. 7-2 (Ziegler Cert.); Ex. C to Bower Decl. ¶ 1, ECF No. 7-3 (Brady Cert.).) The Court finds that Ziegler and Brady's claims are typical of those of the absent class members.

Second, Ziegler and Brady also satisfy the adequacy requirement. This requirement concerns whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The two primary adequacy inquiries are (1) whether there are conflicts of interest between the proposed lead plaintiff and the class and (2) whether plaintiff and counsel will vigorously fulfill their duties to the class. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). Ziegler and Brady's interests in prosecuting this case are aligned with those of the class because they seek to recover for Defendants' allegedly false and misleading statements about GW's proxy statements. *See*

1   *Schonfield*, 2007 WL 2916533, at \*4.  Their losses, tied to the ownership of GW's ADS
2   shares, demonstrate to the Court that they have a "sufficient interest in the outcome of the
3   case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, Nos. CV 04-8007 SJO
4   (CWx), CV 04-8263 SJO (CWx), CV 04-8613 SJO (CWx), 2004 WL 5574358, at \*6 (C.D.
5   Cal. Dec. 15, 2004) (citation omitted).  In addition, the firms proposed to serve as Ziegler
6   and Brady's proposed counsel, Monteverde & Associates PC ("Monteverde") and Kahn
7   Swick & Foti LLC ("KSF"), are experienced and qualified to prosecute securities class
8   action litigation.  (Ex. F to Bower Decl., ECF No. 7-6 (Monteverde Firm Résumé); Ex. G
9   to Bower Decl., ECF No. 7-7 (KSF Firm Résumé).)  Accordingly, Ziegler and Brady are
10  entitled to the PSLRA's presumption that they are the most adequate plaintiffs, and that
11  presumption has not been rebutted by any member of the proposed plaintiff class.
12  Therefore, the Court appoints Ziegler and Brady as Lead Plaintiff in this case.  *See In re*
13  *Cavanaugh*, 306 F.3d at 732 (holding that absent proof that the proposed lead plaintiff with
14  the largest financial interest does not satisfy the requirements of Rule 23, this plaintiff is
15  "entitled to lead plaintiff status").

17  **II.    APPROVAL OF SELECTION OF LEAD COUNSEL**

18          Once the court has appointed a lead plaintiff, the lead plaintiff "shall, subject to the
19  approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-
20  4(a)(3)(B)(v).  A court generally accepts the appointed lead plaintiff's choice of counsel
21  unless it appears necessary to appoint different counsel to "protect the interests of the
22  class."  15 U.S.C. § 78u—4(a)(3)(B)(iii)(II)(aa).  Ziegler and Brady have selected
23  Monteverde and KSF as Lead Counsel.  (ECF No. 7.)  Because they have made a
24  "reasonable choice of counsel," the Court "defer[s] to that choice." *See Cohen v. U.S. Dist.*
25  *Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).
26  //
27  //
28  //

## IV. CONCLUSION

The Court **APPOINTS** Ziegler and Brady as Lead Plaintiff and Monteverde & Associates PC and Kahn Swick & Foti LLC as Lead Counsel in this action.

**IT IS SO ORDERED.**

DATED: January 18, 2022

Hon. Cynthia Bashant
United States District Judge