# EXHIBIT 1

1  PAULA R. BROWN (Bar No. 254142)
   pbrown@bholaw.com
2  **BLOOD HURST & O'REARDON, LLP**
   501 West Broadway, Suite 1490
3  San Diego, CA 92101
   Tel: 619.338.1100 / Fax: 619.338.1101
4
   DAVID E. BOWER (Bar No. 119546)
5  dbower@monteverdelaw.com
   **MONTEVERDE & ASSOCIATES PC**
6  600 Corporate Pointe, Suite 1170
   Culver City, CA 90230
7  Tel: 213.446.6652

8  *Attorneys for Lead Plaintiffs*

9  NOAH A. KATSELL (Bar No. 217090)
   noah.katsell@dlapiper.com
10 **DLA PIPER LLP (US)**
   4653 Executive Dr., Suite 1100
11 San Diego, CA 92121
   Tel: 619.699.2632 / Fax: 858.877.1401
12
   RACHELLE SILVERBERG (*pro hac vice*, NY 2614063)
13 rsilverberg@wlrk.com
   **WACHTELL, LIPTON, ROSEN & KATZ**
14 51 West 52nd Street
   New York, NY 10019
15 Tel: 212.403.1000

16
   *Attorneys for Defendants*
17

18            **UNITED STATES DISTRICT COURT**

19          **SOUTHERN DISTRICT OF CALIFORNIA**

20 KURT ZIEGLER and DANIEL BRADY,      CASE NO. 3:21-CV-01019-BAS-MSB
   Individually and on Behalf of All Others
21 Similarly Situated,                  **STIPULATION OF SETTLEMENT**

22                   Plaintiff,

23         v.

24 GW PHARMACEUTICALS, PLC,
   JUSTIN GOVER, GEOFFREY GUY,
25 CABOT BROWN, DAVID GRYSKA,
   CATHERINE MACKEY, JAMES
26 NOBLE, ALICIA SECOR, and LORD
   WILLIAM WALDEGRAVE,
27
                    Defendants.
28

This Stipulation of Settlement, dated March 16, 2023 (the "Stipulation"), is made and entered into by and among the following Parties to the above-captioned litigation (the "Action" or "Litigation"): (i) the Court-appointed Lead Plaintiffs Kurt Ziegler and Daniel Brady ("Lead Plaintiffs"), by and through their counsel of record in the Litigation; (ii) GW Pharmaceuticals, PLC ("GW" or the "Company"), and (iii) Geoffrey W. Guy, Justin Gover, Cabot Brown, David Gryska, Catherine Mackey, James Noble, Alicia Secor, and Lord William Waldegrave (the "Individual Defendants," and, together with the Company, "Defendants"), by and through their counsel of record in the Litigation.  The Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, relinquish, release, waive, dismiss with prejudice and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof and subject to the approval of the United States District Court for the Southern District of California (the "Court").

## I.    THE LITIGATION

On February 3, 2021, GW entered into an agreement and plan of merger with Jazz Pharmaceuticals, PLC and its subsidiaries ("Jazz"), pursuant to which Jazz acquired GW (the "Merger" or "Acquisition") and the holders of GW American Depositary Shares ("GW shareholders") had their holdings extinguished in exchange for $200 in cash and $20 in Jazz stock (0.120360 shares) for each GW American Depositary Share they owned (the "Merger Consideration").

In connection with the then-proposed Merger, on March 15, 2021, Defendants filed a Schedule 14A Proxy Statement (as amended and supplemented, the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC"). The Merger closed on May 5, 2021.

On May 27, 2021, Plaintiff Kurt Ziegler commenced this Action against Defendants, alleging violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17

C.F.R. § 240.14a-9.  On August 3, 2021, Plaintiff Kurt Ziegler and Mr. Daniel Brady sought appointment as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); there were no other competing movants.  On January 18, 2022, the Court appointed Messrs. Ziegler and Brady as Lead Plaintiffs for the Action and approved their selection of Monteverde & Associates, PC and Kahn Swick & Foti, LLC as Lead Counsel in the Action.

On March 28, 2022, Lead Plaintiffs filed the First Amended Class Action Complaint against Defendants (the "Complaint"), which alleged violations of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder against Defendants and violations of Section 20(a) of the Exchange Act against the Individual Defendants, on the basis that the Proxy allegedly contained material misstatements and omissions. Defendants filed a Motion to Dismiss (the "MTD") the Complaint on June 3, 2022.  Lead Plaintiffs filed an opposition to Defendants' MTD on August 2, 2022, and Defendants filed a reply brief in further support of the MTD on September 1, 2022.

On September 2, 2022, the Parties filed a Joint Motion to Temporarily Stay Proceedings to allow the Parties the opportunity to participate in a mediation session with mediator Robert A. Meyer of JAMS on December 7, 2022, the earliest date on which all relevant parties and the mediator were available.  On September 12, 2022, the Court ordered a temporary stay of the proceedings until December 7, 2022.

On December 7, 2022, the Parties participated in a full-day, in-person mediation session in Los Angeles, CA with Mr. Meyer.  The parties made progress toward a resolution, but were unable to reach an agreement, and negotiations continued thereafter under the guidance of the mediator.

On December 15, 2022, the Parties requested an extension of the Court-ordered stay, and, on December 16, 2022, the Court ordered an extension of the temporary stay until January 14, 2023, to afford the parties further time to negotiate.

1    In the interim, the parties continued negotiations under the guidance of the
2 mediator and, on December 28, 2022, the parties reached an agreement in principle
3 to settle the Litigation on the terms set forth below.

4    The parties subsequently filed a joint status report and notice of settlement
5 informing the Court that they had reached a settlement in principle in the Action.

6 **II.    DEFENDANTS' DENIALS OF WRONGDOING AND**
7 **LIABILITY**

8    This Stipulation constitutes a compromise of matters that are in dispute
9 between the Parties.  Defendants deny each of the claims alleged in the Action,
10 including all charges of wrongdoing or liability arising out of any of the conduct,
11 statement, acts, or omissions alleged in the Action.  Among other things, Defendants
12 expressly deny the allegations that they made materially false statements or omissions
13 or otherwise acted other than in the best interest of GW and its shareholders; that Lead
14 Plaintiffs or any other GW shareholders have suffered damage; that Lead Plaintiffs or
15 any other GW shareholders were harmed by the conduct alleged in the Action; or that
16 Defendants have any liability to Lead Plaintiffs or any other GW shareholder.
17 Defendants affirmatively assert that they acted in the best interest of GW and its
18 shareholders at all relevant times and maintain that they have meritorious defenses to
19 all claims alleged in the Action.

20    The Stipulation shall in no event be construed or deemed to be evidence of an
21 admission or concession on the part of any Defendant with respect to any claim or
22 allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity
23 in the defenses that Defendants have asserted.  Defendants' decision to settle the
24 Action was based solely on the conclusion that further conduct of the Action would
25 be protracted, burdensome and expensive, and that it would be beneficial to avoid the
26 costs, uncertainty, burdens and risks inherent in any litigation, especially in complex
27 cases like this Action.  Defendants have therefore determined to settle the Action on
28

the terms and conditions set forth in this Stipulation solely to put the Released Claims to rest, finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages. Defendants expressly maintain that their conduct was at all times proper, in the best interest of GW and its shareholders, and in compliance with all applicable provisions of law.

## III.  CLAIMS OF LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims. Lead Plaintiffs and Lead Counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial, potential post-trial proceedings that may be sought by Defendants, and appeals.  Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in any litigation.  Lead Plaintiffs and Lead Counsel also are mindful of the inherent problems of proof and possible defenses to the claims asserted in the Litigation.  Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class (as defined below).  Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of the Settlement Class, and that the Settlement provided for herein is fair, reasonable, and adequate.

## IV.  TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and on behalf of the Settlement Class Members (as defined below)) and the Defendants, by and through their respective counsel of

5

record, that, subject to the approval of the Court and the other conditions set forth below, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the PSLRA, the Litigation and the Released Claims shall be finally, fully and forever resolved, discharged, relinquished, released, waived, settled, and dismissed with prejudice, upon and subject to the terms and conditions of the Stipulation, as follows:

**1.      Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1      "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Plan of Allocation ultimately approved by the Court.

1.2      "Claim Form" or "Proof of Claim Form" or "Proof of Claim and Release" means the document, substantially in the form attached hereto as Exhibit A-2.

1.3      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator.

1.4      "Claims Administrator" means the firm of Rust Consulting LLC.

1.5      "Court" means the United States District Court for the Southern District of California.

1.6      "Defendants" means GW Pharmaceuticals, PLC, Geoffrey W. Guy, Justin Gover, Cabot Brown, David Gryska, Catherine Mackey, James Noble, Alicia Secor, and Lord William Waldegrave.

1.7      "Defendants' Counsel" means the undersigned counsel for Defendants.

1.8      "Defendants' Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, or suspected or unsuspected, including any claims

arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in this Action by Lead Plaintiffs and Plaintiffs' Counsel against the Defendants, except for claims relating to the enforcement of this Settlement.

1.9    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 7.1 of the Stipulation have been met and have occurred.

1.10    "Escrow Account" means the account described in ¶ 2.1 through ¶ 2.4 hereof.

1.11    "Escrow Agent" means Huntington Bank, N.A., or another banking institution designated by Lead Plaintiff, subject to the consent of Defendants, not to be unreasonably withheld, at which the Escrow Account is to be maintained.

1.12    "Final" means when the last of the following with respect to the Order and Final Judgment, substantially in the form attached hereto as Exhibit B, shall occur: (i) the expiration of three (3) business days after the time for the filing of any motion to alter or amend the Order and Final Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time for the filing or noticing of any appeal from the Order and Final Judgment without any appeal having been filed; and (iii) if such motion to alter or amend is filed or if an appeal is filed or noticed, then immediately after the determination of that motion or appeal so that the Order and Final Judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise.  For purposes of this paragraph, an appeal shall include any petition for a writ of certiorari or other writ that may be filed in connection with the approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses, payment of Lead Plaintiffs' service awards under 15 U.S.C. § 78u-

4(a)(4), or the Plan of Allocation of the Settlement Fund.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of distribution and/or application for attorneys' fees, costs, or expenses and/or Lead Plaintiffs' service awards under 15 U.S.C. § 78u-4(a)(4) shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

1.13   "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class, and whether the Court should: (1) enter the Order and Final Judgment approving the proposed Settlement; (2) approve the Plan of Allocation of settlement proceeds; and (3) assess Lead Counsel's petition for attorneys' fees and expenses and Lead Plaintiffs' request for service awards under 15 U.S.C. § 78u-4(a)(4).

1.14   "GW" or the "Company" means GW Pharmaceuticals, PLC.

1.15   "Individual Defendants" means Geoffrey W. Guy, Justin Gover, Cabot Brown, David Gryska, Catherine Mackey, James Noble, Alicia Secor, and Lord William Waldegrave.

1.16   "Lead Counsel" means Monteverde & Associates PC and Kahn Swick & Foti, LLC.

1.17   "Lead Plaintiffs" mean Kurt Ziegler and Daniel Brady.

1.18   "Litigation" or "Action" means the above-captioned action, *Ziegler, et al. v. GW Pharmaceuticals, PLC, et al.*, Civil No. 3:21-cv-01019-BAS-MSB in the United States District Court for the Southern District of California.

1.19   "Notice" means the Notice of Pendency and Proposed Settlement of Class Action defined in ¶ 3.1 hereof.

1.20   "Notice and Administration Costs" means the costs defined in ¶ 2.7 hereof.

1.21   "Order and Final Judgment" means the judgment to be rendered by the

8

Court, substantially in the form attached hereto as Exhibit B.

1.22 "Parties" means, collectively, each of the Defendants and Lead Plaintiffs on behalf of themselves and each of the Settlement Class Members.

1.23 "Person" means a natural person, individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.24 "Plaintiffs' Counsel" means any counsel who have appeared for Lead Plaintiffs in the Litigation, specifically: Lead Counsel or their successors or local counsel. No other law firm is included within the definition of Plaintiffs' Counsel.

1.25 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses (including service awards under 15 U.S.C. § 78u-4(a)(4) awarded by the Court to Lead Plaintiffs), and interest as may be awarded by the Court. Any Plan of Allocation, including Exhibit A-2 attached hereto, is not part of the Stipulation, and Defendants and Defendants' Released Persons shall have no responsibility or liability with respect thereto.

1.26 "Preliminary Approval Order" means the order described in ¶ 3.1 hereof, substantially in the form attached hereto as Exhibit A.

1.27 "Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or suspected or unsuspected,

9

including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendants or Jazz Pharmaceuticals plc, and any and all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, or successors, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, associates, attorneys, advisors, financial advisors, publicists, accountants, investment bankers, underwriters, insurers, and reinsurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns (collectively, "Defendants' Released Persons"), that arise out of or relate in any way to: (i) the Action, including the claims in the Action and any acts, facts, events, disclosures, or omissions alleged or referenced therein; (ii) any duties, fiduciary or otherwise, of Defendants' Released Persons arising from or related to the Acquisition; (iii) GW ADSs, if the claims arise from or relate to the Acquisition; or (iv) any other claims concerning the Acquisition. Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) related to the enforcement of this Settlement, and (2) between Defendants' Released Persons and their respective insurers.

1.28   "Settlement" means the settlement of the Litigation as set forth in this Stipulation.

1.29   "Settlement Amount" means the principal amount of Seven Million Seven Hundred Fifty Thousand Dollars ($7,750,000.00), that the Company shall pay or cause to be paid pursuant to ¶ 2.1 and ¶ 2.2 of this Stipulation.  The Individual Defendants are not responsible for paying any portion of the Settlement Amount. Neither Defendants nor Defendants' Released Persons shall have any obligation

whatsoever to pay any amount over and above the principal amount of Seven Million Seven Hundred Fifty Thousand Dollars ($7,750,000.00). Such amount is to be paid as consideration for full and complete settlement of all the Released Claims.

1.30 "Settlement Class" means: all record holders and all beneficial holders of GW American Depositary Shares ("ADSs") who purchased, sold, or held such ADSs at any time during the period from and including March 10, 2021, the record date for voting on the Merger, through and including May 5, 2021, the date the Merger closed, including any and all of their respective predecessors, successors, trustees, executors, administrators, estates, legal representatives, heirs, assigns and transferees. Excluded from the Settlement Class are (i) Defendants; (ii) members of the immediate families of each Defendant; (iii) GW's subsidiaries and affiliates; (iv) any entity in which any defendant has a controlling interest; (v) the legal representatives, heirs, successors, administrators, executors, and assigns of each defendant, in their capacity as such; and (vi) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

1.31 "Settlement Class Member" or "Member of the Settlement Class" means any Person who falls within the definition of the Settlement Class as set forth in ¶ 1.30 of the Stipulation.

1.32 "Settlement Class Period" means the period from and including March 10, 2021, the record date for voting on the Merger, through and including May 5, 2021, the date the Merger closed.

1.33 "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto after being transferred to an account controlled by the Escrow Agent, and which may be reduced by payments or deductions as provided for herein or by court order.

1.34 "Stipulation" means this Stipulation of Settlement, including the recitals and Exhibits thereto.

11

1.35   "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶ 2.8.

1.36   "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶ 2.8.

1.37   "Unknown Claims" means (i) any of the Released Claims which Lead Plaintiffs or any Settlement Class Member, or any of their agents or attorneys, does not know or suspect to exist in such Person's favor at the time of the release of the Released Claims, and (ii) any of the Defendants' Released Claims that the Defendants do not know or suspect to exist in his, her or its favor at the time of the release of the Defendants Released Claims, which, in the case of both (i) and (ii), if known by such Person, might have affected such Person's decision with respect to this Settlement, including, without limitation, such Person's decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class.   Unknown Claims include those Released Claims and Defendants' Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden.   With respect to any and all Released Claims and Defendants' Released Claims, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have

materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment, shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiffs, Settlement Class Members, and Defendants may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of Released Claims and the Defendants' Released Claims, but Lead Plaintiffs and Defendants shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Claims or Defendants' Released Claims, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiffs and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## 2. The Settlement

### a. The Settlement Fund

2.1    In consideration of the terms of this Stipulation, GW shall pay or cause to be paid the Settlement Amount into the Escrow Account, no later than twenty (20)

13

business days after the later of: (i) entry of the Preliminary Approval Order, as defined in ¶ 3.1 herein; and (ii) receipt by pertinent insurance carrier(s) of each of (a) a copy of the Preliminary Approval Order as entered by the Court (which will be transmitted by Defendants' Counsel on the day received), (b) a W-9 for the Escrow Account, and (c) wire or mailing instructions for delivery to the Escrow Account. The Escrow Agent shall deposit the Settlement Amount, plus any accrued interest, in a segregated escrow account maintained by the Escrow Agent.

2.2    The deposit of the Settlement Amount is the only payment to be made by or on behalf of Defendants in connection with this Settlement. There will be no responsibility on the part of the Individual Defendants to pay any portion of the Settlement Amount or pay any other amount in connection with the Settlement. As set forth below, all fees, costs, and expenses incurred by or on behalf of Lead Plaintiffs and the Settlement Class associated with the Settlement, including, but not limited to, Taxes, Tax Expenses, administrative costs and costs of providing notice of the Settlement to the Settlement Class Members, Settlement Class Member benefits, any award of attorneys' fees and expenses of Plaintiffs' Counsel, and any award to Lead Plaintiffs made by the Court pursuant to the PSLRA for service awards under 15 U.S.C. § 78u-4(a)(4), and any other costs, expenses or fees of any kind whatsoever associated with the resolution of this matter shall be paid from the Settlement Fund, and in no event shall Defendants or Defendants' Released Persons bear any responsibility for any such fees, costs or expenses.

### b.    The Escrow Agent

2.3    The Escrow Agent will invest the Settlement Fund created pursuant to ¶ 2.1 through ¶ 2.2 hereof only in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and will reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to

14

the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund and neither Defendants nor Defendants' Released Persons shall have any responsibility for, interest in, or liability whatsoever with respect to the funds held in the Escrow Account, including with respect to investment decisions, distribution of the Settlement Fund, or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.4    The Escrow Agent shall not disburse the Settlement Fund except as provided by: (i) the Stipulation; (ii) an order of the Court; or (iii) prior written agreement of Defendants' Counsel.

2.5    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of the Stipulation.  Neither Defendants nor Defendants' Released Persons shall have any responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.6    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

2.7    The Escrow Agent may pay from the Settlement Fund the costs and expenses reasonably and actually incurred, but not exceeding $300,000, in connection with providing notice to Members of the Settlement Class, mailing the Notice and Proof of Claim and Release and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim and Releases, and paying

15

escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims ("Notice and Administration Costs"). In the event that the Settlement does not become final, any money paid or incurred for the above purposes shall not be returned or repaid to GW or its insurers.

### c.    Taxes

2.8    (a)    The Parties and the Escrow Agent agree that the Settlement Fund is intended to be and should be treated as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of § 1.468B of the Code and the Treasury regulations promulgated thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the election described in ¶ 2.8(a) hereof) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes as defined in ¶ 1.35 hereof (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.8(c) hereof.

(c)    All: (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or Defendants' Released Persons with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (b) Tax Expenses, and costs incurred in connection with the operation and implementation of this ¶ 2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 2.8), shall be paid out of the Settlement Fund.  In no event shall Defendants or Defendants' Released Persons have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amount, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither Defendants nor Defendants' Released Persons are responsible therefore, nor shall they have any liability with respect thereto, and shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.  The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8.

(d)    Neither Defendants nor Defendants' Released Persons are responsible for Taxes, Tax Expenses, or Notice and Administration Costs, nor shall they be liable

17

for any claims with respect thereto.

### d.    Termination

2.9    In the event that the Settlement is not approved, is terminated pursuant to ¶ 7.3 or ¶ 7.4, is canceled, or fails to become effective for any reason, including, without limitation, in the event the Order and Final Judgment is reversed or vacated following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund (including accrued interest and income), less Notice and Administration Costs, Taxes or Tax Expenses paid in connection with the Settlement provided for herein, incurred or due and owing, shall be refunded in accordance with the instructions to be provided by Defendants' Counsel no later than ten (10) business days from the termination event or as otherwise agreed upon in writing by Defendants' Counsel.

## 3.    Preliminary Approval Order and Final Approval Hearing

3.1    Promptly after execution of the Stipulation, Lead Plaintiffs shall submit the Stipulation together with its Exhibits to the Court and Lead Counsel shall apply for entry of an order, substantially in the form and content of Exhibit A attached hereto (the "Preliminary Approval Order"), requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, approval for the mailing of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release, substantially in the forms of Exhibits A-1 and A-2 attached hereto, and approval of the publication of a Summary Notice, substantially in the form of Exhibit A-3 attached hereto, or such other substantially similar form agreed to by the Parties.  Jazz shall make reasonable efforts to obtain from GW's transfer agent, and provide to the Claims Administrator, no later than twenty-one (21) days after the Court signs the Preliminary Approval Order, a list of holders of record of GW ADSs at any time during the Class Period.

3.2    Lead Plaintiffs will request that the Court hold the Final Approval

1    Hearing and finally approve the Settlement of the Litigation as set forth herein. At or

2    after the Final Approval Hearing, Lead Counsel also will request that the Court

3    approve the proposed Plan of Allocation, the Fee and Expense Application, and Lead

4    Plaintiffs' service awards under 15 U.S.C. § 78u-4(a)(4).

5        **4.    Releases**

6        4.1    Upon the Effective Date, as defined in ¶ 1.9 hereof, without further

7    action by anyone, Lead Plaintiffs, on behalf of themselves and all Settlement Class

8    Members, in his, her or its capacity as a purchaser, seller or holder of GW ADSs, and

9    anyone claiming through or on behalf of any of them, shall be deemed to have, and

10   by operation of the Order and Final Judgment, shall have, fully, finally, and forever

11   resolved, discharged, relinquished, released, waived, settled, and dismissed with

12   prejudice any and all of the Released Claims (including, without limitation, Unknown

13   Claims) against Defendants and each and all of Defendants' Released Persons,

14   regardless of whether a Settlement Class Member executes and delivers a Proof of

15   Claim and Release.

16       4.2    Upon the Effective Date, as defined in ¶ 1.9 hereof, without further

17   action by anyone, Lead Plaintiffs, on behalf of themselves and all Settlement Class

18   Members, in his, her or its capacity as a purchaser, seller or holder of GW ADSs, and

19   anyone claiming through or on behalf of any of them, shall be forever barred and

20   enjoined from commencing, instituting, asserting, maintaining, enforcing, aiding,

21   prosecuting, or continuing to prosecute any action or proceeding in any forum

22   (including, but not limited to, any state or federal court of law or equity, any arbitral

23   forum, any tribunal, administrative forum, or the court of any foreign jurisdiction, or

24   any other forum of any kind), any and all of the Released Claims (including, without

25   limitation, Unknown Claims), against Defendants and each and all of Defendants'

26   Released Persons, regardless of whether such Settlement Class Member executes and

27   delivers a Proof of Claim and Release.

28

4.3    Upon the Effective Date, as defined in ¶ 1.9 hereof, without further action by anyone, Lead Plaintiffs, on behalf of themselves and each and every Settlement Class Member, in his, her or its capacity as a purchaser, seller or holder of GW ADSs, and anyone claiming through or on behalf of any of them, shall covenant or be deemed to have covenanted not to sue any of Defendants and Defendants' Released Persons with respect to any and all Released Claims (including, without limitation, Unknown Claims).

4.4    The Proof of Claim and Release to be executed by Settlement Class Members shall release any and all Released Claims against Defendants and each and all of Defendants' Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.5    Upon the Effective Date, as defined in ¶ 1.9 hereof, without further action by anyone, Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs and Plaintiffs' Counsel from all Defendants' Released Claims (including, without limitation, Unknown Claims), and shall forever be enjoined from prosecuting such claims, except for claims relating to the enforcement of the Settlement.

4.6    In accordance with the PSLRA as codified at 15 U.S.C. § 78u-4(f)(7)(A), (a) all obligations to any Settlement Class Member of any Defendant arising out of the Litigation are discharged, and (b) any and all claims for contribution arising out of the Litigation or any of the Released Claims (i) by any person or entity against any of the Defendants' Released Persons, and (ii) by any of Defendants against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied and unenforceable.

4.7    For the avoidance of doubt, nothing in this Stipulation is intended to, nor shall it be deemed to, release any claim that Defendants have against any of

20

Defendants' insurers.

**5.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of Settlement Fund**

5.1    The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.  Except for the Company's obligation to pay or cause payment of the Settlement Amount as set forth herein, Defendants and Defendants' Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.2    The Settlement Fund shall be applied as follows: (a) to pay all Notice and Administration Costs; (b) to pay the Taxes and Tax Expenses; (c) to pay Plaintiffs' Counsel's attorneys' fees and expenses with interest thereon (the "Fee and Expense Award"), if and to the extent awarded by the Court, and Lead Plaintiffs' service awards under 15 U.S.C. § 78u-4(a)(4), if and to the extent awarded by the Court; and (d) after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)    Each Settlement Class Member shall be required to submit a Proof of

21

Claim and Release, substantially in a form approved by the Court, supported by such documents as are designated therein, including proof of the transactions claimed, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(b)    All Proofs of Claim and Releases must be submitted by the date specified in the Notice unless such period is extended by Court order.  Any Settlement Class Member who fails to submit a Proof of Claim and Release by such date, or timely submits a Proof of Claim and Release that is ultimately and finally disallowed or rejected by the Claims Administrator, shall be forever barred from receiving any payment pursuant to this Stipulation, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against Defendants and Defendants' Released Persons concerning the Released Claims.  A Proof of Claim and Release shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim and Release shall be deemed to have been submitted when actually received by the Claims Administrator.    Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiffs, Lead Counsel or the Claims Administrator by reason of the decision to exercise or not exercise such discretion;

(c)    Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the approved Plan of Allocation the extent, if any, to which each claim shall be

22

allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)    Proofs of Claim and Releases that do not meet the submission requirements may be rejected;

(e)    Prior to rejection of a Proof of Claim and Release, the Claims Administrator shall communicate with the Claimant in order to attempt to remedy the curable deficiencies.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim and Releases it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (f) below;

(f)    If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (e) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court;

(g)    Each Claimant who submits a Proof of Claim and Release shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including, but not limited to, all releases provided for herein and in the Order and Final Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim.  In connection with processing the Proofs of Claim and Releases, no discovery shall be allowed on the merits of the Litigation or the Settlement; and

23

(h)    The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her or its pro rata share of the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

5.4    Defendants and Defendants' Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.5    No Person shall have any claim of any kind against the Defendants, Defendants' Released Persons, or Defendants' Counsel with respect to the matters set forth in this Section 5.

5.6    No Person shall have any claim against Lead Plaintiffs, the Escrow Agent, Plaintiffs' Counsel, Defendants or any of Defendants' Released Persons or their counsel, or any claims administrator based on distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.7    Defendants shall not have a reversionary interest in the Net Settlement Fund.  The Net Settlement Fund shall be distributed to the Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  The Claims Administrator will make reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel, shall, if feasible, reallocate on a pro rata basis among

1    Authorized Claimants who cashed the checks in the initial distribution and who would

2    receive a minimum of $10.00.  These reallocations shall be repeated until the balance

3    remaining in the Net Settlement Fund is *de minimis* and any remainder shall thereafter

4    be donated to the Federal Judicial Center Foundation.

5         5.8    It is understood and agreed by the Parties that any proposed Plan of

6    Allocation of the Net Settlement Fund, including, but not limited to, any adjustments

7    to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation

8    and is to be considered by the Court separately from the Court's consideration of the

9    fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation,

10   and any order or proceeding relating to the Plan of Allocation shall not operate to

11   terminate or cancel the Stipulation or affect the finality of the Court's Order and Final

12   Judgment approving the Stipulation and the Settlement set forth therein, or any other

13   orders entered pursuant to the Stipulation.

14        5.9    Lead Plaintiffs, Settlement Class Members, and Defendants shall be

15   bound by the terms of this Stipulation, irrespective of whether the Court disapproves

16   or modifies the Plan of Allocation.  The time to appeal from approval of the Settlement

17   shall commence upon the Court's entry of the Order and Final Judgment regardless

18   of whether a Plan of Allocation has been approved.

19        **6.    Lead Counsel's Attorneys' Fees and Expenses**

20        6.1    Lead Counsel may submit an application (the "Fee and Expense

21   Application") for: (a) an award of attorneys' fees; (b) payment of expenses in

22   connection with prosecuting the Litigation; and (c) any interest on such attorneys'

23   fees and expenses at the same rate and for the same periods as earned by the

24   Settlement Fund (until paid).  Any and all such fees, expenses, charges and costs

25   awarded by the Court shall be payable solely out of the Settlement Fund.  In addition,

26   Lead Plaintiffs may seek payment from the Settlement Fund for service awards

27   pursuant to 15 U.S.C. § 78u4(a)(4).  Defendants shall take no position with respect to

28

1    the Fee and Expense Application or any application for payment from the Settlement

2    Fund to Lead Plaintiffs pursuant to 15 U.S.C. § 78u4(a)(4).

3          6.2    The Fee and Expense Award, as awarded by the Court, shall be paid to

4    Lead Counsel from the Settlement Fund, as ordered, immediately upon final approval

5    of the Settlement by the Court and the Court's execution of an order awarding such

6    fees and expenses, notwithstanding the existence of any timely filed objection thereto,

7    any appeal or potential for appeal therefrom, or collateral attack on the Settlement,

8    any part thereof, or the Fee and Expense Award.  Lead Counsel may thereafter

9    allocate the attorneys' fees among other Plaintiffs' Counsel, if any, in a manner which

10   they, in good faith, believe reflects the contributions of Plaintiffs' Counsel to the

11   initiation, prosecution, and resolution of the Litigation. Defendants and Defendants'

12   Released Persons shall have no responsibility for, or liability whatsoever with respect

13   to, the Fee and Expense Award or its allocation.

14         6.3    In the event that the Effective Date does not occur, or the Order and Final

15   Judgment or Fee and Expense Award is reversed or modified, or the Stipulation is

16   canceled or terminated for any other reason, and such reversal, modification,

17   cancellation or termination becomes final and not subject to review, and in the event

18   that the Fee and Expense Award has been paid to any extent, then such of Plaintiffs'

19   Counsel who have received any portion of the Fee and Expense Award shall within

20   ten (10) business days from receiving notice from the Defendants' Counsel or from a

21   court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses

22   previously paid to them from the Settlement Fund plus the interest earned thereon at

23   the same rate as earned on the Settlement Fund consistent with such reversal or

24   modification.  Any refunds required pursuant to this ¶ 6.3 shall be the several

25   obligations of Plaintiffs' Counsel receiving fees or expenses to make appropriate

26   refunds or repayments to the Settlement Fund.  Each such Plaintiffs' Counsel's law

27   firm receiving fees and expenses, as a condition of receiving such fees and expenses,

28

26

1    on behalf of itself and each partner and/or shareholder of it, agrees that the law firm

2    and its partners and/or shareholders are subject to the jurisdiction of the Court for the

3    purpose of enforcing the provisions of this paragraph.

4         6.4     The procedure for and the allowance or disallowance by the Court of the

5    Fee and Expense Application, or Lead Plaintiffs' expenses to be paid out of the

6    Settlement Fund, are not part of the Settlement, and are to be considered by the Court

7    separately from the Court's consideration of the fairness, reasonableness, and

8    adequacy of the Settlement, and any determination by the Court regarding the Fee and

9    Expense Application or Lead Plaintiffs' expenses shall not impact the finality,

10    validity, and enforceability of the Settlement, this Stipulation, or the releases

11    contained herein.    Any order or proceeding relating to the Fee and Expense

12    Application or Lead Plaintiffs' expenses or any appeal from any order relating thereto

13    or reversal or modification thereof, shall not operate to terminate or cancel the

14    Settlement, or affect or delay the finality of the Order and Final Judgment approving

15    this Stipulation and the Settlement of the Litigation.

16         6.5     Any fees and expenses awarded by the Court shall be paid solely from

17    the Settlement Fund.   Defendants and Defendants' Released Persons shall have no

18    responsibility for any payment of any kind except as set forth in ¶¶ 2.1 and 2.2 above.

19         **7.**      **Conditions of Settlement, Effect of Disapproval, Cancellation**

20             **or Termination**

21         7.1    The Effective Date of the Stipulation shall be conditioned on the

22    occurrence of all of the following events:

23            (a)     Execution of this Stipulation and such other documents as may be

24    required to obtain final Court approval of the Stipulation in a form satisfactory to the

25    Parties;

26            (b)     the Court has entered the Preliminary Approval Order, as required

27    by ¶ 3.1 hereof;

28

(c)     the Settlement Amount has been deposited in the Escrow Account, as required by ¶ 2.1 above;

(d)     the Defendants have not exercised their option to terminate the Stipulation pursuant to ¶ 7.4 hereof;

(e)     the Court has approved this Stipulation, following notice to the Settlement Class Members and the Final Approval Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(f)     the Court has entered the Order and Final Judgment in the form of Exhibit B attached hereto; and

(g)     the Order and Final Judgment has become Final, as defined in ¶ 1.12 hereof.

7.2     This is not a claims-made settlement.  As of the Effective Date, no Defendant or other Person shall have any right to the return of the Settlement Fund or any portion thereof for any reason.  Upon the occurrence of all of the events referenced in ¶ 7.1 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶ 7.1 hereof are not met, then this Stipulation shall be cancelled and terminated subject to ¶ 7.5 below unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

7.3     The Parties shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of: (a) the Court's declining to enter a Preliminary Approval Order substantially identical to the Preliminary Approval Order submitted by the Parties; (b) the Court's refusal to approve this Stipulation or a substantially identical Stipulation; (c) the Court's declining to enter the Order and Final Judgment, or a substantially identical document; (d) the Order and Final Judgment being modified or reversed by the United States Court of Appeals

28

for the Ninth Circuit or the Supreme Court of the United States in any manner that results in a document that is not substantially identical to the document submitted by the Parties; (e) the occurrence of any condition set forth in the Parties' Supplemental Agreement, as provided in ¶ 7.4 below; or (f) the Effective Date not otherwise occurring.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, or Exhibit A-2 to this Stipulation, or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Plaintiffs' Counsel or Lead Plaintiffs, shall constitute grounds for cancellation or termination of the Settlement.

7.4    Notwithstanding any other provision or paragraph of this Stipulation, Defendants shall have the option to terminate the Settlement in the event that a portion of the Settlement Class, equal or greater than the portion specified in the separate supplemental agreement between Lead Counsel and Defendants' Counsel (the "Supplemental Agreement") delivers timely and valid requests for exclusion from the Settlement Class.   The Supplemental Agreement, which is being executed concurrently herewith, will not be filed with the Court unless requested by the Court or unless a dispute among the Parties concerning its interpretation or application arises, and in that event, the Parties will use their reasonable best efforts to file the Supplemental Agreement for the Court's *in camera* review and/or under seal.

7.5    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall not forfeit or waive any factual or legal defense or contention in the Litigation and shall be restored to their respective positions in the Litigation as of December 28, 2022.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 2.6, 2.9, 6.3, 7.5-7.6, 8.1-8.3, and 10.4-10.5 hereof, shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and

29

any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, or Exhibit A-2, or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Plaintiffs' Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.6    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund for the Notice and Administration Costs of the Settlement pursuant to ¶ 2.7 hereof. In addition, any expenses already incurred and properly chargeable to the Settlement Fund for the Notice and Administration Costs of the Settlement pursuant to ¶ 2.7 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶ 2.9 hereof.

## 8.    No Admission of Wrongdoing

8.1    Lead Plaintiffs' execution of this Stipulation does not constitute an admission by Lead Plaintiffs: (i) of the lack of any wrongdoing, violation of law, or liability on behalf of any Defendant whatsoever; or (ii) that recovery could not be had should the action not be settled.

8.2    This Stipulation constitutes a compromise of matters that are in dispute between the Parties. The Stipulation shall in no event be construed or deemed to be evidence of an admission or concession on the part of any Defendant with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have asserted. Defendants' decision to settle the Action was based solely on the conclusion that further conduct of the Action would be protracted, burdensome and expensive, and that it would be beneficial to

30

avoid the costs, uncertainty, burdens and risks inherent in any litigation, especially in complex cases like this Action. Defendants have therefore determined to settle the Action on the terms and conditions set forth in this Stipulation solely to put the Released Claims to rest, finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages. Defendants expressly maintain that their conduct was at all times proper, in the best interest of GW and its shareholders, and in compliance with all applicable provisions of law. Defendants deny each of the claims alleged in the Action, including all charges of wrongdoing or liability arising out of any of the conduct, statement, acts, or omissions alleged in the Action. Among other things, Defendants expressly deny the allegations that they made materially false statements or omissions or otherwise acted other than in the best interest of GW and its shareholders; that Lead Plaintiffs or any other GW shareholders have suffered damage; that Lead Plaintiffs or any other GW shareholders were harmed by the conduct alleged in the Action; or that Defendants have any liability to Lead Plaintiffs or any other GW shareholder. Defendants affirmatively assert that they acted in the best interest of GW and its shareholders at all relevant times and maintain that they have meritorious defenses to all claims alleged in the Action.

8.3    Neither the Stipulation nor the Settlement, whether or not they are consummated, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be offered against any of the Defendants or Defendants' Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission with respect to the truth of any fact alleged by Lead Plaintiffs, the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind or in any way referred to for any other reason as against any of Defendants or Defendants' Released Persons, in any civil, criminal

or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation.

**9.**     **Stipulation to Certification of the Settlement Class for Settlement Purposes Only**

9.1     For purposes of this Settlement only, the Settlement Class comprises all Members of the Settlement Class, as defined in ¶ 1.30 above.   Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence or support for certification of a class other than for settlement purposes, and the Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event the Settlement does not become Final, as defined in ¶ 1.12 above.

9.2     The Parties therefore stipulate to: (i) certification, for settlement purposes only, of the Settlement Class (as defined above), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) appointment of Lead Plaintiffs as the class representatives; and (iii) appointment of Lead Counsel as class counsel. Certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Order and Final Judgment contemplated by this Stipulation becomes Final and the Effective Date occurs.

**10.**    **Miscellaneous Provisions**

10.1    The Parties (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation, including in seeking Court approval of the Preliminary Approval Order, and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously and to obtain final approval by the Court of the Settlement.   GW agrees to provide Lead Plaintiffs with a shareholder list and securities position report for GW necessary to provide notice to the Settlement Class.

10.2    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between the Parties as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Parties.  No representations, warranties, or inducements have been made to any party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

10.3    Except as otherwise provided for herein, each party shall bear his, her or its own costs.

10.4    The Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.   The Settlement compromises all claims that were contested in the Litigation and that could have been asserted in the Litigation and shall not be deemed an admission by any Party as to the merits of any claim or defense.  Pursuant to 15 U.S.C. § 78u-4(c)(1), the Parties agree and the Order and Final Judgment will contain a statement that, during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all settlement negotiations, settlement discussions and draft documents confidential; provided, however, that this paragraph ¶ 10.4 (i) shall not prevent the Parties from making disclosures to their insurers, auditors, attorneys, officers, directors or associates, or disclosures to others as may be required by law, and (ii) shall not limit the materials or evidence that may be offered or referred to by the Parties in disputes, actions, or

33

proceedings arising with any insurer.  The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

10.5   Except as otherwise provided for herein, all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

10.6   The Parties agree to take no action in connection with the Settlement that is intended to, or that would reasonably be expected to, harm the reputation of any of the Parties (including a party's officers, directors, employees, agents, or attorneys), or that would reasonably be expected to lead to unfavorable publicity for any of the Parties.

10.7   This Stipulation shall be construed and interpreted to effectuate the intent of the Parties, which is to resolve completely those claims and disputes, including in this Litigation, and as more fully described herein.

10.8   All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

10.9   The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10  Neither the Lead Plaintiffs nor Defendants shall be bound by the Stipulation if the Court substantively modifies any terms thereof; provided, however, that it shall not be a basis for Lead Plaintiffs to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or Exhibit A-2 hereto, or if the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to

34

attorneys' fees or expenses, or service awards awarded by the Court to Lead Plaintiffs, or interest as may be awarded by the Court, or the distribution of the Net Settlement Fund.

10.11 Lead Plaintiffs and Lead Counsel represent and warrant that none of the Lead Plaintiffs' claims or causes of action referred to in this Litigation or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

10.12 Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.13 All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered to the recipient by email at the addresses set forth below; (ii) five (5) business days after being sent to the recipient by reputable overnight courier service (charges prepaid); or (iii) eight (8) business days after being mailed to the recipient by certified or registered mail, return receipt requested, and postage prepaid, and addressed to the intended recipient as set forth below:

**If to Lead Plaintiffs or to Plaintiffs' Counsel:**

Juan E. Monteverde
**Monteverde & Associates PC**
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
Tel: (212) 971-1341
jmonteverde@monteverdelaw.com

Michael Palestina
**Kahn Swick & Foti, LLC**
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Tel: (504) 455-1400
Fax: (504) 455-1498

35

michael.palestina@ksfcounsel.com

***If to Defendants or to Defendants' Counsel:***

Rachelle Silverberg
**Wachtell, Lipton, Rosen & Katz**
51 W. 52nd Street
New York, New York 10019
Tel: (212) 403-1000
RSilverberg@wlrk.com

10.14 The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or PDF via email shall be deemed originals.

10.15 The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors and assigns of the Parties.

10.16 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

10.17 The waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party or a waiver of any other prior or subsequent breach of this Stipulation.

10.18 Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Claims against Defendants and Defendants' Released Persons.

10.19 The Stipulation and the Exhibits attached hereto and the Supplemental Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of

36

1    the Parties to the Stipulation shall be construed and enforced in accordance with, and

2    governed by, the internal, substantive laws of the State of California without giving

3    effect to that State's choice-of-law principles.

4        10.20 The headings herein are used for the purpose of convenience only and

5    are not meant to have legal effect.

6        10.21 This Stipulation shall not be construed more strictly against one Party

7    than another merely by virtue of the fact that it, or any part of it, may have been

8    prepared by counsel for one of the Parties, it being recognized that it is the result of

9    arm's-length negotiations between the Parties and each of the Parties have contributed

10   substantially and materially to the preparation of this Stipulation.

11       **IN WITNESS WHEREOF**, the parties hereto have caused the Stipulation to

12   be executed, by their duly authorized attorneys, dated March 16, 2023.

13

14

15                         Paula R. Brown

16                         Paula R. Brown (Bar No. 254142)

17                         pbrown@bholaw.com
                           **BLOOD HURST & O'REARDON, LLP**

18                         501 West Broadway, Suite 1490

19                         San Diego, CA 92101
                           Tel: 619.338.1100 / Fax: 619.338.1101

20

21                         *Local counsel for Lead Plaintiffs and the*
                           *Putative Class*

22

23

24

25

26

27

28

1

2
_____

David E. Bower

3

4    David E. Bower (Bar No. 119546)
**MONTEVERDE & ASSOCIATES PC**

5    600 Corporate Pointe, Suite 1170
Culver City, CA 90230

6    Tel: (213) 446-6652
Fax: (212) 202-7880

7    dbower@monteverdelaw.com

8

9    *Lead Counsel for Lead Plaintiffs and the
Putative Class*

10
_____

11    Juan E. Monteverde

12
**MONTEVERDE & ASSOCIATES PC**

13    Juan E. Monteverde
The Empire State Building

14    350 Fifth Avenue, Suite 4405

15    New York, NY 10118
Tel.: (212) 971-1341

16    Fax: (212) 202-7880

17    jmonteverde@monteverdelaw.com

18
**KAHN SWICK & FOTI, LLC**

19    Michael Palestina
1100 Poydras Street, Suite 960

20    New Orleans, LA 70163
Tel: (504) 455-1400

21    Fax: (504) 455-1498

22    michael.palestina@ksfcounsel.com

23

24    *Lead Counsel for Lead Plaintiffs and the
Putative Class*

25

26

27

28
38

1

2

_____

Noah A. Katsell

3

4

Noah A. Katsell (Bar No. 217090)

**DLA PIPER LLP**

5

4563 Executive Dr., Suite 1100

San Diego, CA 92121

6

Tel: (619) 699-2632

Fax: (858) 677-1401

7

noah.katsell@dlapiper.com

8

_____

9

Rachelle Silverberg

10

Rachelle Silverberg (*pro hac vice*)

11

**WACHTELL, LIPTON, ROSEN &**

**KATZ**

12

51 W. 52nd Street

13

New York, New York 10019

Tel: (212) 403-1000

14

RSilverberg@wlrk.com

15

16

*Counsel for Defendants*

*GW Pharmaceuticals, PLC, Justin Gover,*

17

*Geoffrey Guy, Cabot Brown, David Gryska,*

*Catherine Mackey, James Noble, Alicia*

18

*Secor, and Lord William Waldegrave*

19

20

21

22

23

24

25

26

27

28

39

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT ZIEGLER and DANIEL BRADY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GW PHARMACEUTICALS, PLC, JUSTIN GOVER, GEOFFREY GUY, CABOT BROWN, DAVID GRYSKA, CATHERINE MACKEY, JAMES NOBLE, ALICIA SECOR, and LORD WILLIAM WALDEGRAVE,<br><br>Defendants. | CASE NO. 3:21-CV-01019-BAS-MSB |

## <u>ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE</u>

### EXHIBIT A

1

1    WHEREAS, an action pending before this Court is styled *Kurt Ziegler, et al.*
2    *v. GW Pharmaceuticals, PLC, et al.*, C.A. No. 3:21-cv-01019-BAS-MSB (the
3    "Litigation");

4    WHEREAS, the Court-appointed Lead Plaintiffs Kurt Ziegler and Daniel
5    Brady ("Lead Plaintiffs") have made a motion, pursuant to Federal Rule of Civil
6    Procedure 23(e), for an order preliminarily approving the Settlement of this
7    Litigation, in accordance with a Stipulation of Settlement dated March 16, 2023 (the
8    "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the
9    terms and conditions for a proposed Settlement of the Litigation between the Parties
10   and for dismissal with prejudice of the Litigation against Defendants and of the
11   Released Claims against Defendants and Defendants' Released Persons upon the
12   terms and conditions set forth therein;

13   WHEREAS, the Court having read and considered the Stipulation and the
14   Exhibits annexed thereto;

15   WHEREAS, the Parties to the Stipulation having consented to entry of this
16   Order; and

17   WHEREAS, unless otherwise defined, all terms used herein have the same
18   meanings as set forth in the Stipulation.

19   NOW, THEREFORE, IT IS HEREBY ORDERED:

20   1.    The Court has reviewed the Stipulation, finds that the Stipulation
21   resulted from arm's length negotiations, and does hereby preliminarily approve the
22   Stipulation and Settlement set forth therein as being fair, reasonable and adequate to
23   Settlement Class Members subject to further consideration at the hearing described
24   in ¶ 5 below.

25   2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil
26   Procedure, and for purposes of this Settlement only, the Litigation is hereby

27                                    2

preliminarily certified as a class action on behalf of all record holders and all beneficial holders of GW Pharmaceuticals, PLC ("GW") American Depositary Shares ("ADSs") who purchased, sold, or held such ADSs at any time during the period from and including March 10, 2021, the record date for voting on the Merger, through and including May 5, 2021, the date the Merger closed, including any and all of their respective predecessors, successors, trustees, executors, administrators, estates, legal representatives, heirs, assigns and transferees (the "Settlement Class"). Excluded from the Settlement Class are (i) Defendants; (ii) members of the immediate families of each Defendant; (iii) GW's subsidiaries and affiliates; (iv) any entity in which any defendant has a controlling interest; (v) the legal representatives, heirs, successors, administrators, executors, and assigns of each defendant, in their capacity as such; and (vi) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

3.    The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are preliminarily certified as the

1    class representative and Monteverde & Associates PC and Kahn Swick & Foti, LLC

2    are preliminarily certified as Lead Counsel.

3        5. A hearing shall be held before this Court on _____, 2023, at

4    _____ _.m. (**PARTIES PROPOSE JULY 31, 2023 OR a date that is at least 125**

5    **calendar days from the date of this Order, whichever is later**) (the "Final

6    Approval Hearing"), at the United States District Court for the Southern District of

7    California, James M. Carter and Judith N. Keep United States Courthouse, 333 West

8    Broadway, San Diego, CA 92101. At the Final Approval Hearing the Court will (a)

9    determine whether the proposed Settlement is fair, reasonable, and adequate to the

10   Settlement Class and should be approved by the Court; (b) determine whether an

11   Order and Final Judgment as defined in ¶ 1.21 of the Stipulation should be entered;

12   (c) determine whether the proposed Plan of Allocation should be approved; (d)

13   determine the amount of attorneys' fees and expenses that should be awarded to

14   Lead Counsel; (e) determine any award to Lead Plaintiffs pursuant to 15 U.S.C. §

15   78u-4(a)(4); (f) hear any objections by Settlement Class Members to: (i) the

16   Settlement or Plan of Allocation; (ii) certification of the Settlement Class, Lead

17   Plaintiffs, and Lead Counsel; (iii) any award to Lead Plaintiffs; and/or (iv) the award

18   of attorneys' fees and expenses to Lead Counsel; and (g) consider such other matters

19   the Court deems appropriate. The Court may adjourn the Final Approval Hearing

20   without further notice to the Settlement Class Members.

21       6.    The Court approves the form, substance, and requirements of the Notice

22   of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim

23   and Release, substantially in the forms annexed hereto as Exhibits A-1 and A-2,

24   respectively.

25       7.    The Court approves the form of the Summary Notice, substantially in

26   the form annexed hereto as Exhibit A-3.

27                                            4

8.    The firm of Rust Consulting, LLC (the "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

9.    Not later than _____, 2023 (thirty five (35) calendar days after the Court signs and enters this Order) (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release, substantially in the forms annexed hereto, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and to be posted on its website at www.gwsecuritieslitigation.com.

10.    Not later than _____, 2023 (a date ten (10) calendar days after the Notice Date), Lead Counsel shall cause the Summary Notice to be published in *PRNewswire*.

11.    Not later than _____, 2023 (a date seven (7) calendar days prior to the Final Approval Hearing), Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

12.    Nominees who held, purchased or acquired GW ADSs for the benefit of another Person during the Settlement Class Period shall be requested to send the Notice and Proof of Claim and Release to such beneficial owners of GW ADSs within fifteen (15) calendar days after receipt thereof, or, send a list of the names and addresses of such beneficial owners to the Claims Administrator within fifteen (15) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

13.    The form and content of the notice program described herein and the methods set forth herein for notifying the Settlement Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation:

5

(a) meet the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), 15 U.S.C. § 77z-1(a)(7) (the "PSLRA"), and any other applicable law, and is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Litigation, the effect of the proposed Settlement (including the releases contained therein), and of their right to object to the proposed Settlement, exclude themselves from the Settlement Class, and/or appear at the Final Approval Hearing; and (c) constitutes due, adequate, and sufficient notice to all Persons entitled thereto. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively. All fees, costs, and expenses incurred in notifying Settlement Class Members shall be paid from the Settlement Fund and in no event shall any of the Defendants or Defendants' Released Persons bear any responsibility for such fees, costs or expenses. All Settlement Class Members (except Persons who request exclusion pursuant to ¶ 19 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

14.    Pending final determination by the Court as to whether the Settlement, as set forth in the Stipulation, is fair, reasonable and adequate and should be finally approved and whether the Order and Final Judgment dismissing the action with prejudice should be approved, neither Lead Plaintiffs nor any Settlement Class

Member, either directly, representatively or in any other capacity, shall assert, commence, aid or prosecute against any of the Released Claims against any of the Defendants or Defendants' Released Persons in this Litigation or in any other action, proceeding, arbitration, or forum. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

15. Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Releases must be postmarked or submitted electronically no later than _____, 2023 (a date one hundred and twenty (120) calendar days from the Notice Date). Any Settlement Class Member who fails to submit a Proof of Claim and Release within the time provided, or whose Proof of Claim and Release is otherwise not approved, shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of the Order and Final Judgment and the releases provided for therein, and will be barred from asserting any Released Claims against any of the Defendants or Defendants' Released Persons. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against Lead Plaintiffs, Lead Counsel or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

16. The Proof of Claim and Release submitted by each Settlement Class Member must, unless otherwise ordered by the Court: (i) be properly completed,

7

signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by Lead Counsel or the Claims Administrator; (iii) include in the Proof of Claim and Release a certification of current authority to act on behalf of the Settlement Class Member if the person executing the Proof of Claim and Release is acting in a representative capacity; (iv) be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury.

17.     By submitting a Proof of Claim, a Settlement Class Member will be deemed to have submitted to the jurisdiction of this Court with respect to the Settlement Class Member's claim, including, but not limited to, all releases provided for in the Stipulation and in the Order and Final Judgment.

18.     Any Settlement Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

19.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail such that it is received no later than _____, 2023 (a date twenty-one (21) calendar days before the Final Approval Hearing).  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of GW ADSs held,

purchased, acquired or sold during the Settlement Class Period, and the dates held during the Settlement Class Period; and (c) that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

20.     Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion and a list of all Settlement Class Members who have requested exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than _____, 2023 (a date fourteen (14) calendar days prior to the Final Approval Hearing).

21.     Any Settlement Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why the requested attorneys' fees and expenses should not be awarded to Lead Counsel, or why any award should not be approved for Lead Plaintiffs; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, any attorneys' fees and expenses to be awarded to Lead Counsel, or any award to Lead Plaintiffs, unless written objections and copies of any papers and briefs are received via mail and in electronic format by Monteverde & Associates PC, Juan E. Monteverde, The Empire State Building, 350 Fifth Avenue, Suite 4405, New York, New York 10118, Email: jmonteverde@monteverdelaw.com; Kahn Swick & Foti, LLC, Michael J. Palestina, 1100 Poydras St., Suite 960, New Orleans,

9

LA 70163, Email: michael.palestina@ksfcounsel.com; and Wachtell, Lipton, Rosen & Katz, Rachelle Silverberg, 51 W. 52nd Street, New York, New York 10019, Email: RSilverberg@WLRK.com, no later than _____, 2023 (a date twenty-one (21) calendar days before the Final Approval Hearing) and said objections, papers and briefs are filed with the Clerk of the United States District Court for the Southern District of California, James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, CA 92101, no later than _____, 2023. Any such objection must: (a) indicate the objector's name, address, and telephone number; (b) specify the reason(s) for the objection; (c) identify the date(s), price(s), and number(s) of GW ADSs held, purchased, acquired or sold during the Settlement Class Period by the objector; (d) provide documents demonstrating such holding(s), purchase(s), acquisition(s) and/or sale(s); and (e) be signed by the objector. Any Member of the Settlement Class who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the award of attorneys' fees and expenses to Lead Counsel, and to any award to Lead Plaintiffs, unless otherwise ordered by the Court. Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement.

22.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and payment of Lead Plaintiffs' service awards under 15 U.S.C. § 78u-4(a)(4) shall be filed and served no later than _____, 2023 (a date thirty-five (35) calendar days prior to the Final Approval Hearing) and any reply papers shall be filed and served no later than _____, 2023 (a date seven (7) calendar days prior to the Final Approval Hearing).

24.     Defendants' Released Persons shall have no responsibility for the Plan of Allocation, any application for attorneys' fees and expenses submitted by Lead Counsel, or any service award to Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and whether any application for attorneys' fees and expenses, or any service award to Lead Plaintiffs, should be approved.

26.     All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel, including Plaintiffs' Counsel, shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 2.7 of the Stipulation.

11

27.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be (1) construed as an admission, concession, or presumption by or against any of the Defendants or Defendants' Released Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind; or as a waiver by any of the Parties of any arguments, defenses, or claims he, she, or it may have in the event the Stipulation is terminated; or (2) offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation.  The Defendants, Defendants' Released Persons, Lead Plaintiffs, Settlement Class Members, and each of their counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

28.    All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

29.    The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 5 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed

1  Settlement.  The Court may approve the Settlement, with such modifications as may
2  be agreed to by the Parties, if appropriate, without further notice to the Settlement
3  Class.

4        30.    If the Settlement fails to become effective as defined in the Stipulation
5  or is terminated, then, in any such event, the Stipulation, including any
6  amendment(s) thereof, except as expressly provided in the Stipulation, and this
7  Order shall be null and void, of no further force or effect, and without prejudice to
8  any Party, and may not be introduced as evidence or used in any actions or
9  proceedings by any person or entity against the Parties, and they shall be deemed to
10 have reverted to their respective positions in the Litigation as of December 28, 2022.

11

12          IT IS SO ORDERED.

13

14 DATED: _____    _____
15                            THE HONORABLE CYNTHIA A. BASHANT
16                            UNITED STATES DISTRICT JUDGE

13

# EXHIBIT A-1

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT ZIEGLER and DANIEL BRADY, Individually and on Behalf of All Others Similarly Situated, | CASE NO. 3:21-CV-01019-BAS-MSB |
| Plaintiff, | |
| v. | |
| GW PHARMACEUTICALS, PLC, JUSTIN GOVER, GEOFFREY GUY, CABOT BROWN, DAVID GRYSKA, CATHERINE MACKEY, JAMES NOBLE, ALICIA SECOR, and LORD WILLIAM WALDEGRAVE, | |
| Defendants. | |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO:   ALL RECORD HOLDERS AND ALL BENEFICIAL HOLDERS OF GW PHARMACEUTICALS, PLC ("GW") AMERICAN DEPOSITARY SHARES ("ADSs") WHO PURCHASED, SOLD, OR HELD SUCH ADSs AT ANY TIME DURING THE PERIOD FROM AND INCLUDING MARCH 10, 2021, THE RECORD DATE FOR VOTING ON THE MERGER, THROUGH AND INCLUDING MAY 5, 2021, THE DATE THE MERGER CLOSED, INCLUDING ANY AND ALL OF THEIR RESPECTIVE PREDECESSORS, SUCCESSORS, TRUSTEES, EXECUTORS, ADMINISTRATORS, ESTATES, LEGAL REPRESENTATIVES, HEIRS, ASSIGNS AND TRANSFEREES. (THE "SETTLEMENT CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE [INSERT DATE]**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of California (the "Court").  The purpose of this Notice is to inform you of the proposed settlement of the above-captioned Litigation (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, final certification of the Settlement Class, Lead Plaintiffs and Lead Counsel, the proposed Plan of Allocation of the settlement proceeds, and Lead Counsel's application for attorneys' fees and expenses.  This Notice describes the rights you may have as a Settlement Class

1

Member and what steps you may take in relation to the Settlement and this Litigation, or, alternatively, what steps you must take if you wish to be excluded from the Settlement Class and this Litigation.[1]

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to receive a payment.  Proofs of Claim must be postmarked or submitted online on or before [Insert Date]. |
| **EXCLUDE YOURSELF** | Receive no payment.  This is the only option that allows you to ever bring a lawsuit against Defendants concerning the legal claims at issue in this case. Exclusions must be received no later than [Insert Date]. |
| **OBJECT** | Write to Lead Counsel, Defendants' Counsel, and the Court about why you oppose the Settlement, the Plan of Allocation, the request for Plaintiffs' Counsel's attorneys' fees, and/or the expenses of Lead Plaintiffs.  You will still be a Member of the Settlement Class. Objections must be received by the Court and counsel on or before [Insert Date]. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement.  Requests to speak must be received by the Court and counsel on or before [Insert Date].  You are not required to attend the hearing. |
| **DO NOTHING** | Receive no payment from the Settlement. Members of the Settlement Class who do nothing remain bound by the terms of the Settlement. |

## SUMMARY OF THIS NOTICE

### Statement of Settlement Class Recovery

Pursuant to the Settlement described herein, the Settlement Amount is $7.75 million.  A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's claim as compared to the total claims of all Settlement Class Members who submit acceptable Proofs of Claim.  An individual Settlement Class Member may receive more or less than the estimated average amount provided below depending on the number of claims submitted.  *See* Plan of Allocation as set forth at page 14 below for more information on your claim.

### Statement of Potential Outcome of Litigation

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages per GW ADS that would be recoverable if the Settlement Class prevailed on each claim

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement, which, along with other important documents, is available on the Settlement website, www.gwsecuritieslitigation.com.

alleged. The Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages.

**Reasons for the Settlement**

The principal reason for the Settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

**Statement of Attorneys' Fees and Expenses Sought**

Lead Counsel have not received any payment for their services in conducting this Litigation on behalf of the Settlement Class, nor have they been paid for their litigation expenses. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed one-third of the Settlement Fund, plus expenses not to exceed $50,000 in connection with the Litigation. Since the Litigation's inception in May 2021, Lead Counsel have expended considerable amount of time and effort in the prosecution of this Litigation on a contingent fee basis and advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. In addition, Lead Plaintiffs have expended time and resources in this Litigation. Accordingly, and as part of Lead Counsel's application for an award of fees and expenses, Lead Plaintiffs may seek service awards of up to $10,000 in accordance with 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class. The requested fees amount to approximately $.09 per damaged ADS, but the average cost per damaged ADS will vary depending on the number of valid and timely Proofs of Claim submitted.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please visit the website: www.gwsecuritieslitigation.com or contact the Claims Administrator toll-free at (833) 472-1978. You may also contact Lead Counsel: Juan E. Monteverde, Monteverde & Associates PC, The Empire State Building, 350 Fifth Avenue, Suite 4405, New York, New York 10118, Tel.: (212) 971-1341, www.monteverdelaw.com.

**Please Do Not Call the Court or Defendants' Counsel with Questions About the Settlement.**

**BASIC INFORMATION**

| **1. Why did I get this Notice package?** |
| --- |

You or someone in your family may have purchased, sold or held GW ADSs at any time during the period from and including March 10, 2021 and through and including May 5, 2021 ("Settlement Class Period").

3

The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of California, and the case is known as *Kurt Ziegler, et al. v. GW Pharmaceuticals, PLC, et al.,* C.A. No. 3:21-cv-01019-BAS-MSB.  The case has been assigned to the Honorable Cynthia A. Bashant.  Kurt Ziegler and Daniel Brady have been appointed by the Court as lead plaintiffs (referred to as "Lead Plaintiffs" in this Notice), and the parties who were sued and who have now settled are called the "Defendants."

| **2.   What is this lawsuit about?** |
| --- |

On February 3, 2021, GW entered into an agreement and plan of merger with Jazz Pharmaceuticals, PLC and its subsidiaries ("Jazz"), pursuant to which Jazz acquired GW (the "Merger" or "Acquisition") and the holders of GW ADSs ("GW shareholders") had their holdings extinguished in exchange for $200 in cash and $20 in Jazz stock (0.120360 shares) for each GW ADS they owned (the "Merger Consideration").

In connection with the then-proposed Merger, on March 15, 2021, Defendants filed a Schedule 14A Proxy Statement (as amended and supplemented, the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC"). The Merger closed on May 5, 2021.

On May 27, 2021, Plaintiff Kurt Ziegler commenced this litigation against Defendants (the "Action" or "Litigation"), alleging violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9. On August 3, 2021, Plaintiff Kurt Ziegler and Mr. Daniel Brady sought appointment as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); there were no other competing movants.  On January 18, 2022, the Court appointed Messrs. Ziegler and Brady as Lead Plaintiffs for the Action and approved their selection of Monteverde & Associates, PC and Kahn Swick & Foti, LLC as Lead Counsel in the Action.

On March 28, 2022, Lead Plaintiffs filed the First Amended Class Action Complaint against Defendants (the "Complaint"), which alleged violations of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder against all Defendants; and violations of Section 20(a) of the Exchange Act against the Individual Defendants, on the basis that the Proxy allegedly contained material misstatements and omissions. Defendants filed a Motion to Dismiss (the "MTD") the Complaint on June 3, 2022.  Lead Plaintiffs filed an opposition to Defendants' MTD on August 2, 2022, and Defendants filed a reply brief in further support of the MTD on September 1, 2022.

On September 2, 2022, the Parties filed a Joint Motion to Temporarily Stay Proceedings to allow the Parties the opportunity to participate in a mediation session with mediator Robert A. Meyer of

JAMS on December 7, 2022, the earliest date on which all relevant parties and the mediator were available. On September 12, 2022, the Court ordered a temporary stay of the proceedings until December 7, 2022.

On December 7, 2022, the Parties participated in a full-day, in-person mediation session in Los Angeles, CA with Mr. Meyer. The parties made progress toward a resolution, but were unable to reach an agreement, and negotiations continued thereafter under the guidance of the mediator.

On December 15, 2022, the Parties requested an extension of the Court-ordered stay, and, on December 16, 2022, the Court ordered an extension of the temporary stay until January 14, 2023, to afford the parties further time to negotiate.

In the interim, the parties continued negotiations under the guidance of the mediator and, on December 28, 2022, the parties reached an agreement in principle to settle the Action on the terms set forth below.

Each of the Defendants have denied and continue to deny any wrongdoing by or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants' decision to settle the Action was based solely on the conclusion that further conduct of the Action would be protracted, burdensome and expensive, and that it would be beneficial to avoid the costs, uncertainty, burdens and risks inherent in any litigation, especially in complex cases like this Action. Defendants expressly maintain that their conduct was at all times proper, in the best interest of GW and its shareholders, and in compliance with all applicable provisions of law. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants affirmatively assert that they acted in the best interest of GW and its shareholders at all relevant times and maintain that they have meritorious defenses to all claims alleged in the Action.

### 3. Why is this a class action?

In a class action, one or more people called a plaintiff sues on behalf of people who have similar claims. All of the people with similar claims are referred to as a class or class members. One court resolves the issues for all class members, except for those class members who exclude themselves from the class.

### 4. Why is there a settlement?

The Court has not decided in favor of the Defendants or the Settlement Class. Instead, both sides agreed to the Settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals. Lead Plaintiffs agreed to the Settlement because Lead Plaintiffs (advised by Lead Counsel) considered the Settlement amount to be a favorable recovery compared to the risk-adjusted possibility of recovery after trial and any appeals, in light of Defendants' legal argument that the statements at issue were not actionable at all by the Settlement Class, and their factual arguments that Defendants believed the Company was complying with all applicable laws, and that the Settlement Class had not sustained any damages. Lead Plaintiffs and Lead Counsel believe

the Settlement is in the best interest of all Settlement Class Members in light of the real possibility that continued litigation could result in no recovery at all.

### WHO IS IN THE SETTLEMENT?

To see if you will get money from this Settlement, you first must be a Settlement Class Member.

| **5. How do I know if I am part of the Settlement?** |
| --- |

The Court directed that everyone who fits this description is a Settlement Class Member: all record holders and all beneficial holders of GW American Depositary Shares ("ADSs") who purchased, sold, or held such ADSs at any time during the period from and including March 10, 2021, the record date for voting on the Merger, through and including May 5, 2021, the date the Merger closed, including any and all of their respective predecessors, successors, trustees, executors, administrators, estates, legal representatives, heirs, assigns and transferees. Under the Plan of Allocation proposed by Plaintiffs' Counsel and described below, only Settlement Class Members who held GW ADSs at the close of business on March 10, 2021 (*i.e.* the record date for voting on the Merger), and therefore were entitled to vote on the Merger, and who submit a valid Proof of Claim to the Claims Administrator may share in the recovery. Certain persons are excluded from the Settlement Class, as described below.

| **6. Are there exceptions to being included?** |
| --- |

Excluded from the Settlement Class are (i) Defendants; (ii) members of the immediate families of each Defendant; (iii) GW's subsidiaries and affiliates; (iv) any entity in which any defendant has a controlling interest; (v) the legal representatives, heirs, successors, administrators, executors, and assigns of each Defendant; and (vi) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

| **7. What if I am still not sure if I am included?** |
| --- |

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (833) 472-1978 or visit the Settlement website at www.gwsecuritieslitigation.com, or you can fill out and return the Proof of Claim enclosed with this Notice package, to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| **8. What does the Settlement provide?** |
| --- |

In exchange for the Settlement and the release of the Released Claims (defined below) as well as dismissal of the Litigation, Defendants have agreed that a payment of $7.75 million will be made by or on behalf of Defendants to be distributed, after taxes, fees, and expenses, among all Authorized Claimants.

| **9. How much will my payment be?** |
| --- |

Pursuant to the Settlement described herein, the Settlement Amount is $7,750,000. Under the Plan of Allocation proposed by Plaintiffs' Counsel, only Settlement Class Members who held GW ADSs at the close of business on March 10, 2021 (*i.e.* the record date for voting on the Merger), and therefore were entitled to vote on the Merger, and who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, pro rata with their stock holdings (the proposed "Plan of Allocation").Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Settlement Class Members who submit acceptable Proofs of Claim. You may receive more or less than the estimated average amount provided below depending on the number of claims submitted. Lead Plaintiffs estimate that approximately 30,723,630 GW ADSs were held by class members as of the record date. Assuming that valid proof of claim forms are submitted for 100% of those ADSs, the average distribution will be approximately $0.25 per ADS before payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees and expenses (including Lead Plaintiffs' service awards under 15 U.S.C. § 78u-4(a)(4)) described in Question 17 below (estimated to be approximately $0.09 per ADS), and interest as may be awarded by the Court (the "Net Settlement Fund"). Historically, less than all eligible investors submit claims, resulting in higher average distributions per share.

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Proof of Claim forms ("Claimants") on a pro rata basis. However, no distributions will be made to Claimants who would otherwise receive a distribution of less than $10.00.

Defendants expressly deny that any damages were suffered by Lead Plaintiffs or the Settlement Class.

Payments shall be conclusive against all Claimants. No Person shall have any claim against Plaintiffs' Counsel, Lead Counsel, Lead Plaintiffs, the Claims Administrator, Defendants and Defendants' Released Persons, or any Person designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, or further order(s) of the Court. No Settlement Class Member shall have any claim against Defendants for any Released Claims. All Settlement Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| **10. How can I receive a payment?** |
| --- |

To qualify for a payment, you must submit a Proof of Claim. A Proof of Claim is enclosed with this Notice or it may be downloaded at www.gwsecuritieslitigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and return it so that it is postmarked, if mailed, or received, if submitted online, no later than _____, 2023. Pursuant to its directions, the Proof of Claim may be submitted online at www.gwsecuritieslitigation.com.

| 11. When would I receive my payment? |
|---|

The Court will hold a Final Approval Hearing on _____, 2023, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. What am I giving up to receive a payment or to stay in the Settlement Class? |
|---|

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants' Released Persons about the Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against Defendants' Released Persons. The terms of the release are included in the enclosed Proof of Claim form and are also set forth below:

- "Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against GW, the Individual Defendants (Geoffrey W. Guy, Justin Gover, Cabot Brown, David Gryska, Catherine Mackey, James Noble, Alicia Secor, and Lord William Waldegrave), or Jazz Pharmaceuticals plc, and any and all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, or successors, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, associates, attorneys, advisors, financial advisors, publicists, accountants, investment bankers, underwriters, insurers, and reinsurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns (collectively, "Defendants' Released Persons"), that arise out of or relate in any way to: (i) the Action, including the claims in the Action and any acts, facts, events, disclosures, or omissions alleged or referenced therein; (ii) any duties, fiduciary or otherwise, of Defendants' Released Persons arising from or related to the Acquisition; (iii) GW ADSs, if the claims arise from or relate to the Acquisition; or (iv) any other claims concerning the Acquisition. Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) related to the enforcement of this Settlement, and (2) between Defendants' Released Persons and their respective insurers.

- "Unknown Claims" means (i) any of the Released Claims which Lead Plaintiffs or any Settlement Class Member, or any of their agents or attorneys, does not know or suspect to exist in such Person's favor at the time of the release of the Released Claims, and (ii)

8

any of the Defendants' Released Claims that the Defendants do not know or suspect to exist in his, her or its favor at the time of the release of the Defendants Released Claims, which, in the case of both (i) and (ii), if known by such Person, might have affected such Person's decision with respect to this Settlement, including, without limitation, such Person's decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class. Unknown Claims include those Released Claims and Defendants' Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Released Claims and Defendants' Released Claims, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

- Lead Plaintiffs and Defendants shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment, shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiffs, Settlement Class Members, and the Defendants may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Claims and Defendants' Released Claims, but Lead Plaintiffs and Defendants shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Claims or Defendants' Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiffs and Defendants acknowledge, and the Settlement Class Members, shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

You can maintain your own lawsuit only if you exclude yourself from the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, and you want to keep the right to sue the Defendants and Defendants' Released Persons, on your own, about the legal issues in this Litigation, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself.

| **13. How do I get out of the Proposed Settlement?** |
| --- |

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement Class in *Kurt Ziegler, et al. v. GW Pharmaceuticals, PLC, et al.,* C.A. No. 3:21-cv-01019-BAS-MSB. You must provide the following information: (a) name; (b) address; (c) telephone number; (d) amount of GW ADSs purchased, sold, or held at any time during the period from and including March 10, 2021 through and including May 5, 2021; and (e) a statement that you wish to be excluded from the Settlement Class. You must mail your exclusion request postmarked no later than _____ to:

ZIEGLER V GW PHARMACEUTICALS
C/O RUST CONSULTING, INC.
CLAIMS ADMINISTRATOR - 7961
PO BOX 2599
FARIBAULT, MN 55021-9599

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not receive any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Litigation.

| **14. If I do not exclude myself, can I sue the Defendants and the other Defendants' Released Persons for the same thing later?** |
| --- |

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Defendants' Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Defendants' Released Persons regarding any Released Claims, speak to your lawyer in that case immediately. You must exclude yourself from this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2023.

| **15. If I exclude myself, can I get money from the proposed Settlement?** |
| --- |

No.  If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

## THE LAWYERS REPRESENTING YOU

| **16. Do I have a lawyer in this case?** |
| --- |

Yes. The Court appointed Monteverde & Associates PC and Kahn Swick & Foti, LLC to lead the Litigation, which the Lead Plaintiffs brought on behalf of themselves and all other Settlement

Class Members. These lawyers are called Lead Counsel. You will not be charged directly for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **17. How will the lawyers be paid?** |
| --- |

In the two years that this Action has been pending, Lead Counsel have not been paid for their services on behalf of Lead Plaintiffs and the Settlement Class, nor for their substantial expenses. The fee requested is to compensate Lead Counsel for their work investigating the facts, litigating the case over the past two years, and negotiating the Settlement.

Lead Counsel will request the Court to award attorneys' fees not to exceed one-third of the Settlement Amount, plus expenses not to exceed $50,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund. Lead Plaintiffs will also apply for service awards of $10,000 under 15 U.S.C. § 78u-4(a)(4).

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **18. How do I tell the Court that I object to the proposed Settlement?** |
| --- |

If you are a Settlement Class Member, you can write to the Court to object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's fee and expense application, and/or Lead Plaintiffs' request for a service award. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed Settlement, the proposed Plan of Allocation, the application for fees and expenses, or Lead Plaintiffs' request for a service award in the Litigation, and the reasons you object. You must include your name, address, telephone number, and your signature. You must identify the date(s), price(s), and number(s) of GW ADSs you held, purchased, acquired or sold during the Settlement Class Period, and state the reasons why you object. You must also include copies of documents demonstrating such holding(s), purchase(s), acquisition(s) and/or sale(s). Your objection and supporting papers must be submitted to the Court and mailed or delivered and emailed to each of the following addresses such that it is received no later than [INSERT DATE]:

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
| --- | --- | --- |
| Clerk of the Court | Juan E. Monteverde | Rachelle Silverberg |
| US District Court | Monteverde & Associates PC | Wachtell, Lipton, Rosen & Katz |
| Southern District of | The Empire State Building | 51 W. 52nd Street |
| California | 350 Fifth Avenue, Suite 4405 | New York, New York 10019 |
| James M. Carter and | New York, New York 10118 | RSilverberg@WLRK.com |
| Judith N. Keep United | jmonteverde@monteverdelaw.com | |
| States Courthouse | | |
| 333 West Broadway | Michael Palestina | |
| San Diego, CA 92101 | Kahn Swick & Foti, LLC | |
| | 1100 Poydras Street, Suite 960 | |

New Orleans, LA 70163
michael.palestina@ksfcounsel.com

| **19. What is the difference between objecting and excluding myself?** |
|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, the award of fees and expenses to Lead Counsel, or any award to Lead Plaintiffs. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| **20. When and where will the Court decide whether to approve the proposed Settlement?** |
|---|

The Court will hold a Final Approval Hearing at__ : _____ __.m., on _____ day, _____, 2023, at the United States District Court for the Southern District of California, James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, CA 92101. Settlement Class Members should check the Settlement Class website in advance of the Final Approval Hearing to determine whether that hearing instead will occur via a remote link. At the hearing the Court will consider whether the Settlement and proposed Plan of Allocation are fair, reasonable, and adequate, whether to approve the final certification of the Settlement Class, Lead Plaintiffs, and Lead Counsel, and whether the award of fees and expenses to Lead Counsel, or any award to Lead Plaintiffs should be granted. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the Final Approval Hearing, the Court will decide whether to approve the Settlement, the Plan of Allocation, the award of fees and expenses to Lead Counsel, and any award to Lead Plaintiffs. We do not know how long these decisions will take. The Court may change the date and time of the Final Approval Hearing without another notice being sent to Settlement Members. If you want to attend the hearing, you may wish to check with Lead Counsel or the Settlement website beforehand to be sure that the date and/or time has not changed.

| **21. Do I have to come to the hearing?** |
|---|

No. Lead Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection or statement in support of the Settlement, you are not required to come to Court to discuss it. As long as you mailed your objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| **22. May I speak at the hearing?** |
|---|

If you object to the Settlement, the Plan of Allocation, the award of fees and expenses to Lead Counsel, or any award to Lead Plaintiffs, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection (see Question 18 above) a statement saying that it is your "Notice of Intention to Appear in *Kurt Ziegler, et al. v. GW Pharmaceuticals, PLC, et al.,* C.A. No. 3:21-cv-01019-BAS-MSB." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel (including any award to Lead Plaintiffs for their representation of the Settlement Class) and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.

You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. What happens if I do nothing at all? |
| --- |

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Defendants or any other Defendants' Released Persons about the issues raised in this case ever again.

## GETTING MORE INFORMATION

| 24. Are there more details about the proposed Settlement? |
| --- |

This Notice summarizes the proposed Settlement. More details are in a Stipulation of Settlement dated March 16, 2023 (the "Stipulation"). You can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at (833) 472-1978. A copy of the Stipulation and other relevant documents are also available on the Settlement website at www.gwsecuritieslitigation.com.

| 25. How do I get more information? |
| --- |

For more information, you can visit www.gwsecuritieslitigation.com, or call toll-free at (833) 472-1978. You can also contact the attorneys for Lead Plaintiffs, listed below:

Juan E. Monteverde
Monteverde & Associates PC
The Empire State Building
350 5th Ave, Suite 4405
New York, NY 10118
(212) 971-1341

Michael Palestina
Kahn Swick & Foti, LLC

1100 Poydras Street, Suite 960
New Orleans, LA 70163
(504) 455-1400

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

Lead Counsel have proposed a plan of allocation described below in Question 26, which will be submitted for the Court's approval. The Net Settlement Fund (the Settlement Amount plus interest less taxes, tax expenses, Notice and Administration Costs, attorneys' fees and expenses, and Lead Plaintiffs' service awards under 15 U.S.C. § 78u-4(a)(4)) will be distributed to Settlement Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any plan of allocation or any order of the Court and who submit a valid and timely Proof of Claim under the Plan of Allocation described below.

| **26. How will by claim be calculated?** |
| --- |

As stated above, the Settlement Amount is $7,750,000. Under the Plan of Allocation proposed by Plaintiffs' Counsel, only Settlement Class Members who held GW ADSs at the close of business on March 10, 2021 (*i.e.* the record date for voting on the Merger), and therefore were entitled to vote on the Merger, and who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, pro rata with their stock holdings (the proposed "Plan of Allocation"). Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Settlement Class Members who submit acceptable Proofs of Claim. You may receive more or less than the estimated average amount provided below depending on the number of claims submitted. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.gwsecuritieslitigation.com.

As of March 10, 2021, the record date for voting on the Merger, there were approximately 30,747,180 GW ADSs outstanding. Directors owned approximately 23,550 of those ADSs, leaving the Settlement Class with approximately 30,723,630 ADSs. Assuming that all of those ADSs participate in this Settlement, Lead Plaintiffs' counsel estimates that the average distribution will be approximately $0.25 per GW ADS, before the deduction of Court-approved fees and expenses, as described in Question 17 above (estimated to be approximately $0.09 per ADS), and the cost of notice and claims administration. Historically, less than all eligible investors submit claims, resulting in higher average distributions per share. The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Proof of Claim forms ("Claimants") on a pro rata basis. However, no distributions will be made to Claimants who would otherwise receive a distribution of less than $10.00.

Payments shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Counsel, Lead Plaintiffs, the Claims Administrator, Defendants' Released Persons, or any Person designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, or further order(s) of the Court. No Settlement Class Member shall have any claim against Defendants' Released Persons for any

Released Claims. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## SPECIAL NOTICE TO NOMINEES

The Court has ordered that if you purchased, sold, or held GW ADSs at any point in time during the period from and including March 10, 2021, through and including May 5, 2021 as nominee for a beneficial owner, then, within fifteen (15) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

ZIEGLER V GW PHARMACEUTICALS
C/O RUST CONSULTING, INC.
CLAIMS ADMINISTRATOR - 7961
PO BOX 2599
FARIBAULT, MN 55021-9599

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

## DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE

DATED: _____    BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KURT ZIEGLER and DANIEL BRADY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GW PHARMACEUTICALS, PLC, JUSTIN GOVER, GEOFFREY GUY, CABOT BROWN, DAVID GRYSKA, CATHERINE MACKEY, JAMES NOBLE, ALICIA SECOR, and LORD WILLIAM WALDEGRAVE,<br><br>Defendants. | CASE NO. 3:21-CV-01019-BAS-MSB |

## PROOF OF CLAIM AND RELEASE

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Member of the Class based on your claims in the action entitled *Kurt Ziegler, et al. v. GW Pharmaceuticals, PLC, et al.,* C.A. No. 3:21-cv-01019-BAS-MSB (the "Litigation"), you must complete and, on page 7 hereof, sign this Proof of Claim and Release. If you fail to submit a properly addressed Proof of Claim and Release (as set forth in paragraph 3 below), postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER    THAN    _____ ___, ____ TO THE COURT-

1

APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

ZIEGLER V GW PHARMACEUTICALS
C/O RUST CONSULTING, INC.
CLAIMS ADMINISTRATOR - 7961
PO BOX 2599
FARIBAULT, MN 55021-9599

Online Submissions: www.gwsecuritieslitigation.com

If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release.

      4.    If you are a Member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.    CLAIMANT IDENTIFICATION

Pursuant to the Plan of Allocation proposed by Plaintiffs' Counsel, only Settlement Class Members who held GW American Depositary Shares ("ADSs") at the close of business on March 10, 2021, and therefore were entitled to vote on the Merger, and who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, pro rata with their stock holdings (the proposed "Plan of Allocation").

If you purchased, sold, or held GW ADSs at any time during the period from and including March 10, 2021 and through and including May 5, 2021 (the "Settlement Class Period"), and held the ADSs in your name, you are both the beneficial holder, purchaser or acquirer of the ADSs and the record holder, purchaser or acquirer of the ADSs. If, however, you held, purchased or acquired GW ADSs during the Settlement Class Period and the ADSs were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial holder, purchaser or acquirer of the ADSs, but not the record holder, purchaser or acquirer of the ADSs. The third party is the record holder, purchaser or acquirer of the ADSs.

Use Part I of this form entitled "Claimant Identification" to identify each holder, purchaser or acquirer of record ("nominee"), if different from the beneficial holder, purchaser or acquirer of the GW ADSs which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL HOLDER(S), PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH HOLDER(S), PURCHASER(S) OR ACQUIRER(S) OF THE GW ADSs UPON WHICH THIS CLAIM IS BASED.

All joint holders, purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities

2

must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Settlement Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. ***All Claimants MUST submit a manually signed paper Proof of Claim and Release listing all their transactions whether or not they also submit electronic copies.*** If you wish to file your claim electronically, you must contact the Claims Administrator at www.gwsecuritieslitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Holdings in GW ADSs" to state the number of GW ADSs that you held at the close of business on March 10, 2021. You must provide copies of broker confirmations or other documentation of your holdings of GW ADSs as attachments to your claim. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
*Kurt Ziegler, et al. v. GW Pharmaceuticals, PLC, et al.,*
C.A. No. 3:21-cv-01019-BAS-MSB

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked or Received No Later Than:**
_____ ___, _____

Please Type or Print

PART I:        **CLAIMANT IDENTIFICATION**

| Name: |
|---|

| | | |
|---|---|---|
| Address: | | |
| | | |
| City: | State: | Zip or Postal Code: |
| Foreign Provence: | Foreign Country: | |
| Day Phone: | Evening Phone: | |
| Email: | | |
| Claimant Type (Individual, Joint, Corporation, etc): _____ | | |
| Record Owner's Name: (If different from beneficial owner listed above) | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |

PART II:    **HOLDINGS IN GW ADSs**

A.    Number of GW ADSs you held at the close of business on March 10, 2021:

Proof enclosed?          _____ yes          _____ no

**YOUR SIGNATURE ON PAGE 7 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE DESCRIBED IN PART IV BELOW.**

**SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of California with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase, acquisition, or sale of GW ADSs (or holding GW ADSs)

4

during the period from and including March 10, 2021, the record date for voting on the Merger, through and including May 5, 2021, the date the Merger closed, and know of no other person having done so on my (our) behalf.

## IV.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, covenant not to sue, relinquish, and discharge each and all of the Defendants' Released Persons from the Released Claims as provided in the Stipulation of Settlement.

2.    "Defendants' Released Persons" means GW, the Individual Defendants (Geoffrey W. Guy, Justin Gover, Cabot Brown, David Gryska, Catherine Mackey, James Noble, Alicia Secor, and Lord William Waldegrave), or Jazz Pharmaceuticals plc, and any and all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, or successors, and each their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, associates, attorneys, advisors, financial advisors, publicists, accountants, investment bankers, underwriters, insurers, and reinsurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

3.    "Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendants' Released Persons, that arise out of or relate in any way to: (i) the Action, including the claims in the Action and any acts, facts, events, disclosures, or omissions alleged or referenced therein; (ii) any duties, fiduciary or otherwise, of Defendants' Released Persons arising from or related to the Acquisition; (iii) GW ADSs, if the claims arise from or relate to the Acquisition; or (iv) any other claims concerning the Acquisition. Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) related to the enforcement of this Settlement, and (2) between Defendants' Released Persons and their respective insurers.

4.    "Unknown Claims" means (i) any of the Released Claims which Lead Plaintiffs or any Settlement Class Member, or any of their agents or attorneys, does not know or suspect to exist in such Person's favor at the time of the release of the Released Claims, and (ii) any of the Defendants' Released Claims that the Defendants do not know or suspect to exist in his, her or its favor at the time of the release of the Defendants Released Claims, which, in the case of both (i) and (ii), if known by such Person, might have affected such Person's decision with respect to this Settlement, including, without limitation, such Person's decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class.  Unknown Claims include those Released Claims and Defendants' Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden.  With respect to any and

all Released Claims and Defendants' Released Claims, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment, shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiffs, Settlement Class Members, and Defendants may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Claims and Defendants' Released Claims, but Lead Plaintiffs and Defendants shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Claims or Defendants' Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiffs and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

5.    This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Settlement becomes effective on the Effective Date.

6.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

7.    I (We) hereby warrant and represent that I (we) have included information (including supporting documentation) about the number of GW ADSs held me (us) at the close of business on March 10, 2021.

8.    I (We) hereby warrant and represent that I am (we are) not a Defendant or other person excluded from the Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____day of _____ (Month/Year)

in_____
         (City)                              (State/Country)


_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial
Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.    Please sign the above release and declaration.

2.    Remember to attach copies of supporting documentation, if available.

3.    Do not send originals of stock certificates or other documentation as they will not be returned.

4.    Keep a copy of your Proof of Claim and Release and all supporting documentation for your records.

5.    If you desire an acknowledgment of receipt of your Proof of Claim and Release, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send your new address to the address below.

7.    Do not use red pen or highlighter on the Proof of Claim and Release or supporting documentation.

THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE BY _____ ___, _____, OR, IF MAILED, POSTMARKED NO LATER THAN _____ ___, _____, ADDRESSED AS FOLLOWS:

ZIEGLER V GW PHARMACEUTICALS
C/O RUST CONSULTING, INC.
CLAIMS ADMINISTRATOR - 7961
PO BOX 2599
FARIBAULT, MN 55021-9599

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KURT ZIEGLER and DANIEL BRADY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GW PHARMACEUTICALS, PLC, JUSTIN GOVER, GEOFFREY GUY, CABOT BROWN, DAVID GRYSKA, CATHERINE MACKEY, JAMES NOBLE, ALICIA SECOR, and LORD WILLIAM WALDEGRAVE, <br><br> Defendants. | CASE NO. 3:21-CV-01019-BAS-MSB |

**<u>SUMMARY NOTICE</u>**

EXHIBIT A-3

**TO:** **ALL RECORD HOLDERS AND ALL BENEFICIAL HOLDERS OF GW PHARMACEUTICALS, PLC ("GW") AMERICAN DEPOSITARY SHARES ("ADSs") WHO PURCHASED, SOLD, OR HELD SUCH ADSs AT ANY TIME DURING THE PERIOD FROM AND INCLUDING MARCH 10, 2021, THE RECORD DATE FOR VOTING ON JAZZ PHARMACEUTICALS, PLC'S ACQUISITION OF GW (THE "ACQUISITION" OR "MERGER"), THROUGH AND INCLUDING MAY 5, 2021, THE DATE THE ACQUISITION CLOSED, INCLUDING ANY AND ALL OF THEIR RESPECTIVE PREDECESSORS, SUCCESSORS, TRUSTEES, EXECUTORS, ADMINISTRATORS, ESTATES, LEGAL REPRESENTATIVES, HEIRS, ASSIGNS AND TRANSFEREES (THE "SETTLEMENT CLASS").**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Southern California, that a hearing will be held on _____, 2023, at ___:___ __.m., before the Honorable Cynthia A. Bashant at the United States District Court for the Southern District of California, James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, CA 92101. Settlement Class Members should check the Settlement Class website in advance of the Final Approval Hearing to determine whether that hearing instead will occur via a remote link. The hearing will be held for the purpose of determining: (1) whether the proposed Settlement of the Litigation for $7.75 million should be approved by the Court as fair, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice and releasing the Released Claims against Defendants and Defendants' Released Persons; (3) whether final certification of the Settlement Class, Lead Plaintiffs, and Lead Counsel should be granted; (4) whether the Plan of Allocation for the Net Settlement Fund is fair, reasonable, and adequate and should be approved; and (5) whether the application of Lead Counsel for the payment of attorneys' fees and expenses, and any award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) should be approved.

IF YOU PURCHASED, SOLD OR HELD GW ADSs AT ANY TIME DURING THE PERIOD FROM AND INCLUDING MARCH 10, 2021 THROUGH AND INCLUDING MAY 5, 2021 (THE "SETTLEMENT CLASS PERIOD"), YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION, INCLUDING THE RELEASE AND EXTINGUISHMENT OF CLAIMS YOU MAY POSSESS RELATING TO YOUR PURCHASE OR ACQUISITION OF GW ADSs DURING THE SETTLEMENT CLASS PERIOD. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to ZIEGLER V GW PHARMACEUTICALS C/O RUST CONSULTING, INC., CLAIMS ADMINISTRATOR – 7961, PO Box 2599, Faribault, MN 55021-9599, (833) 472-1978, or on the Internet at www.gwsecuritieslitigation.com. If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail (*postmarked no later than* _____*, 2023*), or online at www.gwsecuritieslitigation.com, *no later than* _____*, 2023*, establishing that you are entitled to recovery.

If you purchased, sold, or held GW ADSs at any time during the Settlement Class Period and you desire to be excluded from the Settlement Class, you must submit a request for exclusion so that it is *received no later than* _____, in the manner and form explained in the detailed Notice referred to above. All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to the Settlement, the Plan of Allocation, Lead Counsel's request for the payment of attorneys' fees and expenses, and any award to Lead Plaintiffs must be received by each of the following recipients via hard copy and email *no later than* _____:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
James M. Carter and Judith N. Keep United States Courthouse
333 West Broadway
San Diego, CA 92101

*Lead Counsel*:


Juan E. Monteverde
Monteverde & Associates PC
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
jmonteverde@monteverdelaw.com

Michael Palestina
Kahn Swick & Foti, LLC
1100 Poydras Street, Suite 960
New Orleans, LA 70163
michael.palestina@ksfcounsel.com

*Counsel for Defendants*:

Rachelle Silverberg
Wachtell, Lipton, Rosen & Katz
51 W. 52nd Street
New York, New York 10019
RSilverberg@WLRK.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

**THIS NOTICE**.  If you have any questions about the Settlement, you may contact Lead Counsel

at the address listed above.


  Dated: _____        BY ORDER OF THE COURT
                                                UNITED   STATES   DISTRICT   COURT
                                                SOUTHERN DISTRICT OF CALIFORNIA

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT ZIEGLER and DANIEL BRADY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GW PHARMACEUTICALS, PLC, JUSTIN GOVER, GEOFFREY GUY, CABOT BROWN, DAVID GRYSKA, CATHERINE MACKEY, JAMES NOBLE, ALICIA SECOR, and LORD WILLIAM WALDEGRAVE,<br><br>Defendants. | CASE NO. 3:21-CV-01019-BAS-MSB |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

EXHIBIT B

[PROPOSED] FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE
CASE NO. 3:21-CV-1019-BAS-MSB

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated _____, 2023, on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement dated March 16, 2023 (the "Stipulation").

WHEREAS, this Order of Dismissal is "with prejudice";

WHEREAS, due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order;

WHEREAS, the Court conducted a hearing on _____, 2023, to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Litigation with prejudice as against the Defendants;

WHEREAS, the Court having considered all papers filed and proceedings herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Final Judgment and Order of Dismissal with Prejudice ("Order and Final Judgment" or "Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.    This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all Settlement Class Members.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies for purposes of settlement only: (i) a Settlement Class defined as all record holders and all beneficial holders of GW Pharmaceuticals, PLC ("GW") American Depositary Shares ("ADSs") who purchased, sold, or held such ADSs at any time

during the period from and including March 10, 2021, the record date for voting on the Merger, through and including May 5, 2021, the date the Merger closed, including any and all of their respective predecessors, successors, trustees, executors, administrators, estates, legal representatives, heirs, assigns and transferees; (ii) Monteverde & Associates PC and Kahn Swick & Foti, LLC are certified as Lead Counsel; and (iii) Lead Plaintiffs are certified as the class representatives. Excluded from the Settlement Class are (i) GW; (ii), Geoffrey W. Guy, Justin Gover, Cabot Brown, David Gryska, Catherine Mackey, James Noble, Alicia Secor, and Lord William Waldegrave (the "Individual Defendants," and, together with GW, "Defendants"); (iii) members of the immediate families of each Defendant; (iv) GW's subsidiaries and affiliates; (v) any entity in which any Defendant has a controlling interest; (vi) the legal representatives, heirs, successors, administrators, executors, and assigns of each Defendant, in their capacity as such; and (vii) any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

4.    For purposes of settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) Settlement Class Members are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate

3

1    actions, (ii) the extent and nature of any litigation concerning the controversy already

2    commenced by Settlement Class Members, (iii) the desirability or undesirability of

3    concentrating the litigation of these claims in this particular forum, and (iv) the

4    difficulties likely to be encountered in the management of the class action.

5         5.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby

6    approves the Settlement set forth in the Stipulation and finds that said Settlement is,

7    in all respects, fair, reasonable, and adequate to the Settlement Class.

8         6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court

9    finds that the Settlement is fair, reasonable, and adequate as to each of the Parties,

10   and that the Settlement set forth in the Stipulation is hereby finally approved in all

11   respects, and the Parties are hereby directed to perform its terms.

12        7.    Accordingly, the Court authorizes and directs implementation of the

13   terms and provisions of the Stipulation, as well as the terms and provisions hereof.

14   The Court hereby dismisses with prejudice and without costs, the Litigation and all

15   claims contained therein and the Released Claims, defined as any and all claims,

16   rights and causes of action, duties, obligations, demands, actions, debts, sums of

17   money, suits, contracts, agreements, promises, damages and liabilities, whether

18   known or unknown, contingent or non-contingent, derivative or direct, or suspected

19   or unsuspected, including any claims arising under federal or state statutory or

20   common law or any other law, rule or regulation, whether foreign or domestic, that

21   have been asserted, could have been asserted, or could be asserted in the future

22   against Defendants or Jazz Pharmaceuticals plc, and any and all of their related

23   parties, including, without limitation, any and all of their current or former parents,

24   subsidiaries, affiliates, predecessors, or successors, and each of their respective

25   current or former officers, directors, trustees, partners, members, contractors,

26   auditors, principals, agents, managing agents, employees, associates, attorneys,

27   advisors, financial advisors, publicists, accountants, investment bankers,

[PROPOSED] FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE
CASE NO. 3:21-CV-1019-BAS-MSB

1    underwriters, insurers, and reinsurers in their capacities as such, as well as each of

2    the Individual Defendants' immediate family members, heirs, executors, personal or

3    legal representatives, estates, beneficiaries, predecessors, successors and assigns

4    (collectively, "Defendants' Released Persons"), that arise out of or relate in any way

5    to: (i) the Action, including the claims in the Action and any acts, facts, events,

6    disclosures, or omissions alleged or referenced therein; (ii) any duties, fiduciary or

7    otherwise, of Defendants' Released Persons arising from or related to the

8    Acquisition; (iii) GW ADSs, if the claims arise from or relate to the Acquisition; or

9    (iv) any other claims concerning the Acquisition. Notwithstanding the

10   aforementioned, the following claims are explicitly excluded: all claims (1) related

11   to the enforcement of this Settlement, and (2) between Defendants' Released Persons

12   and their respective insurers.

13          8.      Upon the Effective Date hereof, and as provided in the Stipulation,

14   without further action by anyone, Lead Plaintiffs, on behalf of themselves and all

15   Settlement Class Members (other than those listed on Exhibit __ hereto), in his, her or

16   its capacity as a purchaser, seller or holder of GW ADSs, and anyone claiming through

17   or on behalf of any of them, shall be deemed to have, and by operation of this Order

18   and Final Judgment, shall have, fully, finally, and forever resolved, discharged,

19   relinquished, released, waived, settled, and dismissed with prejudice any and all of the

20   Released Claims (including, without limitation, Unknown Claims) against Defendants

21   and each and all of Defendants' Released Persons, regardless of whether a Settlement

22   Class Member executes and delivers a Proof of Claim and Release.

23          9.      Upon the Effective Date hereof, and as provided in the Stipulation,

24   without further action by anyone, Defendants shall be deemed to have, and by

25   operation of this Order and Final Judgment shall have, fully, finally, and forever

26   released, relinquished, and discharged Lead Plaintiffs and Plaintiffs' Counsel from all

[PROPOSED] FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE
CASE NO. 3:21-CV-1019-BAS-MSB

Defendants' Released Claims (including, without limitation, Unknown Claims), and shall forever be enjoined from prosecuting such claims.

10.    Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Lead Plaintiffs, on behalf of themselves and all Settlement Class Members (other than those listed on Exhibit __ hereto), in his, her or its capacity as a purchaser, seller or holder of GW ADSs, and anyone claiming through or on behalf of any of them, shall be forever barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, aiding, prosecuting, or continuing to prosecute any action or proceeding in any forum (including, but not limited to, any state or federal court of law or equity, any arbitral forum, any tribunal, administrative forum, or the court of any foreign jurisdiction, or any other forum of any kind), any and all of the Released Claims (including, without limitation, Unknown Claims), against Defendants and each and all of Defendants' Released Persons, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim and Release.

11.    Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Lead Plaintiffs, on behalf of themselves and each and every Settlement Class Member, in his, her or its capacity as a purchaser, seller or holder of GW ADSs, and anyone claiming through or on behalf of any of them, shall covenant or be deemed to have covenanted not to sue any of Defendants and Defendants' Released Persons with respect to any and all Released Claims (including, without limitation, Unknown Claims).

12.    In accordance with the PSLRA as codified at 15 U.S.C. § 78u-4(f)(7)(A), (a) all obligations to any Settlement Class Member of any Defendant arising out of the Litigation are discharged, and (b) any and all claims for contribution arising out of the Litigation or any of the Released Claims (i) by any person or entity against any of the Defendants' Released Persons, and (ii) by any of

the Defendants against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied and unenforceable.

13.    The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Lead Plaintiffs, all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim and Release or seeks or obtains a distribution from the Net Settlement Fund), and Defendants, as well as their respective, heirs, executors, administrators, predecessors, successors, and assigns.

14.    The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.  Defendants and Defendants' Released Persons shall have no liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

15.    The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class (a) was implemented in accordance with the Preliminary Approval Order entered on _____, 2023 (b) was the best notice practicable under the circumstances, to all Persons entitled to such notice, of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, (c) was reasonably calculated under the circumstances to apprise Settlement Class Members of (i) the pendency of the Litigation: (ii) the effect of the proposed Settlement (including the releases contained therein); and (iii) their right to object to any aspect of the proposed Settlement, exclude themselves from the Settlement Class, and/or appear at the Final Approval Hearing; (d) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, the requirements of the PSLRA, and all other applicable law and rules.

16.     Separate orders shall be entered regarding the proposed Plan of Allocation and Lead Counsel's motion for attorneys' fees and expenses as allowed by the Court.  Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17.     Neither this Order and Final Judgment, the Stipulation, the Supplemental Agreement, nor any of their terms or provisions, nor any of the negotiations, discussions, proceedings connected thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any Released Claim, or of any wrongdoing or liability of any Defendants or Defendants' Released Persons; or (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Defendants or Defendants' Released Person in any statement, release, or written documents issued, filed, or made; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability, wrongdoing, negligence, or omission of any Defendants or Defendants' Released Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which any Defendants or Defendants' Released Persons are or become parties; or (d) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants, Defendants' Released Persons, Lead Plaintiffs, Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral

8

estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or the Judgment.

18.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and interest in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

19.    The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants as required under the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21.    Without further approval from the Court, the parties are hereby authorized to agree and to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Order and Final Judgment; and (ii) do not materially limit the

1    rights of Settlement Class Members in connection with the Settlement.  Without further

2    order of the Court, the Parties may agree to reasonable extensions of time to carry out

3    any of the provisions of the Stipulation.

4        22.    The Court directs immediate entry of this Judgment by the Clerk of the

5    Court.

6        IT IS SO ORDERED.

7    DATED: _____    _____

8                        THE HONORABLE CYNTHIA A. BASHANT
                        UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

10